### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

## AT INDIANAPOLIS, NOVEMBER TERM, 1862, IN THE FORTY-SIXTH YEAR OF THE STATE.

---

### WEST and Another *v.* COOPER.

Where a sheriff, having an execution in his hands, demands personal property of the execution defendant, and he surrenders two notes, and afterward requests that they be given back to him, and surrenders no other property, and the sheriff then levies the execution upon and sells real estate, and on a trial to set aside such sale, it does not appear what was done with said notes, nor what was their value, this Court will presume that they were returned to the defendant, and that he failed or refused to surrender other personal property, and that said sale was, in this respect, regular.

It is clearly the duty of the sheriff to determine whether real estate, sold by him, is susceptible of division, so as to be sold in parcels without injury to the parties; and if he decide wrongfully, and sell an entire tract, which might have been sold in parcels without injury, and a part of which might have been sold for sufficient to pay the debt, he may be liable on his bond for the injury.

But where the sheriff sells an entire town lot, and neither the execution defendant, nor any other person interested in the property, suggests that it is susceptible of division, or demands that it be sold in parcels, the purchaser's title will be valid, although it may be afterward found by a jury that the property was susceptible of division.

VOL. XIX.—1.

APPEAL from the *Hancock* Circuit Court.

WORDEN, J.—This was an action by *Berry W. Cooper* against *West* and *Pierson,* to set aside a certain sheriff's sale and conveyance.

The following facts may be gathered from the pleadings and special findings, viz.: One *Henry Babcock* recovered a judgment in the Court of Common Pleas of *Hancock* county against *Robert D. Cooper,* for $67.32, and costs, on which execution was issued and levied upon lot number 4, in block number 1, in the town of *Greenfield,* in said county. On a *venditioni exponas,* afterward issued upon the judgment, the lot was sold and conveyed by the sheriff to the defendant *West,* for the sum of forty dollars. *West* afterward sold and conveyed the lot to the defendant *Pierson.* After the recovery of the judgment, and the levy upon the lot, *Robert D. Cooper* sold and conveyed the lot to the plaintiff, *Berry W. Cooper.*

There appear to be two grounds alleged in the complaint for setting aside the sale thus made. *First.* That the judgment defendant, *Robert D. Cooper,* had personal property which he was willing to turn out, sufficient to satisfy all that was due on the judgment, but was not called upon to do so ; and *Second.* That said lot was susceptible of division without injury, and that a part thereof could have been sold for sufficient to satisfy the judgment.

There was a trial of the cause by a jury, who found no general verdict, but returned answers to interrogatories propounded to them. If these answers to interrogatories can be regarded as equivalent to a *special verdict,* and therefore good without a general verdict, (a question which we need not decide,) then the question arises, whether the facts thus found entitle the plaintiff to a judgment. On the finding thus returned the Court rendered judgment for the plaintiff, setting aside the sheriff's sale and conveyance. Exceptions were taken so as to properly present the question here.

West and Another *v.* Cooper.

The jury say, among other things, that the lot was purchased by *West* in good faith, and not in fraud of the rights of the plaintiff.

The following interrogatories and answers thereto are also returned:

"5th. Did the sheriff, or his deputy, during the time said execution was in his hands, demand of *Robert D. Cooper* personal or other property on said execution?

"*Ans.* The deputy sheriff did demand of *R. D. Cooper* personal property during the time said execution was in his hands."

"6th. If such demand was made, did *Robert D. Cooper* surrender and direct the levy to be made on personal property; and if so, on what personal property?

"*Ans.* He did surrender two notes, without any special directions."

"7th. If you should find that *Robert D. Cooper* refused to give up, on such demand, personal property, then find what directions, if any, were given by *R. D. Cooper* with reference to levying upon real property.

"*Ans.* He did refuse to give up other than the two notes, and, on conditions, requested those notes given back, with no directions in reference to other property."

These findings of the jury, in our opinion, dispose of the first ground on which the sale is sought to be set aside. It appears that *R. D. Cooper* refused to turn out property when demanded, except the two notes, which he requested to have given back to him; and the inference may, perhaps, be fairly drawn, that the notes were returned to him, but if not, it does not appear what was the amount or value of the notes. They may, for aught that appears in the findings, have been very small, and wholly insufficient to discharge the amount due on the execution. It does not appear but that the levy was properly made on the lot in question.

We come now to the important question in the case, arising upon the following interrogatories and answers:

"9th. Was the property, sold by the sheriff as the property of R. D. Cooper, susceptible of division?

"Ans. It was susceptible of division."

"10th. Was the property susceptible of division without material injury?

"Ans. It was."

"11th. Was there any more or greater portion of said property sold than was necessary to satisfy the amount of principal, interest, and cost due on the execution?

"Ans. There was more property sold than was necessary to satisfy said execution, with interest and cost on the same."

"12th. If you find, from the evidence, that there was a greater portion of said real property sold by the sheriff than was necessary to satisfy said execution, state what portion would have been sufficient.

"Ans. The west half of said realty would have been sufficient to satisfy said execution."

The statute provides that "if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 R. S. 1852, p. 141.

The case before us is that of a single town lot, which does not consist of several "lots, tracts, or parcels," and if the same was not susceptible of division, the whole was properly sold. But whose duty was it, in the first instance, to judge whether the property was susceptible of division? Clearly that of the sheriff. If he judged wrongfully, and sold the entire lot when it might have been divided without injury, and a part of it sold for sufficient to satisfy the debt, he might be liable on his bond for the injury. *The State* v. *Leach*, 10 Ind. 309. But in a case like the present, where there is a sale of a single town lot, and where neither the

execution defendant, nor any one interested in the property, has made any suggestion that the property was susceptible of division, or demanded that it be offered in parcels, we think the purchaser's title is valid, although it may be afterwards found by a jury that the property was susceptible of division.

The purchaser may well presume that the sheriff has properly discharged his duty, and we think it not within the spirit or policy of the law to make the title of a purchaser in such case depend upon the subsequent finding of a jury as to the divisibility of the property.

On the findings the plaintiff was not entitled to judgment.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*W. R. West* and *Henry Craven,* for the appellants.

*R. D. Walpole,* for the appellee.