WRIGHT *v.* YETTS.

SHERIFF'S SALE.—*Sale in Parcels.*—Where real estate occupied as separate parcels is sold on execution as an entirety, without being first offered in parcels, the fact of such occupation being known to the sheriff and the purchaser, the sale cannot be sustained.

SAME.—*Official Discretion.—Fraud.*—Where there is no actual division of the property, and the question of its susceptibility of division must be determined by the sheriff, if there may be an honest difference of opinion, the conclusion reached by the officer must be final—unless his action operate as a fraud upon the execution defendant or his creditors, it cannot be reviewed.

APPEAL from the Kosciusko Circuit Court.

RAY, C. J.—This case was ejectment by the appellee against the appellant to recover lot numbered 120, in the town of Warsaw. The defendant answered by general denial.

There was a trial of the cause, resulting in a finding and judgment for the plaintiff. A new trial was granted on the payment of costs by defendant within less than one year from the date of the first judgment. There was a second trial at the January term, 1868, resulting in a finding and judgment in favor of the plaintiff. The evidence is in the record by a bill of exceptions. It was admitted in an agreement of facts filed in the case that the title to the premises was in the plaintiff, unless the same had been divested by virtue of a certain sheriff's sale and deed of conveyance made in pursuance thereof to the defendant Wright. At the request of the defendant below, the court, trying the cause without a jury, made a special finding of facts, as follows:—"The plaintiff, on the 1st day of November, 1859, was the owner of the lot in controversy, and is still the owner, unless he has been divested of his title therein by virtue of a sheriff's deed executed by the sheriff of said Kosciusko county, upon a sale of said lot on an execution issued upon a judgment, as set forth in the finding; that on the 1st day of November, 1859, Peter

Snyder recovered a judgment in the Court of Common
Pleas of said county against said Yetts, for the sum of sev-
enty-five dollars and eight cents, and seven dollars and forty-
seven cents costs, which said judgment was without relief
from valuation and appraisement laws, upon which judg-
ment twenty-eight dollars had been paid before execution,
leaving a balance due of seventy dollars and seventy-five
cents at the date of the sale of the lot; that on the seventh
day of December, 1861, an execution was duly issued upon
said judgment and delivered to the sheriff of said county,
who duly levied the same upon said lot, and duly advertised
the same in all things as required by law; that on the 4th
day of January, 1862, the day fixed in the notice of said
sale, the sheriff of said county between the hours of the
day prescribed by law, at public outcry sold said lot to the
defendant, for the sum of three hundred and fifty dol-
lars, which sum was duly paid by said purchaser to the
said sheriff; that on the 6th day of April, 1862, said sher-
iff executed and delivered to said Wright a deed of convey-
ance for said lot; that at the time of said sale, the sheriff
duly offered the rents and profits of said lot for sale for a
period not exceeding seven years, and that failing to re-
ceive any bid therefor, he then offered for sale and sold the
fee simple of the entire lot, and sold the same to said Wright
as aforesaid; that said sheriff did not offer said lot in par-
cels, but treated the same as not being susceptible of divi-
sion; that at the time of said sale there was a lien on said
lot for the sum of ——— dollars and ——— cents for taxes
duly and properly chargeable thereon; that said lot is sit-
uated on the northwesterly corner of High and Market
streets in said town of Warsaw, and that it is eight rods
long by four rods wide; that the same fronts four rods on
High street, and eight rods on Market street; that by a line
drawn through the centre of said lot from north to south,
the same would embrace two parcels four rods square; the
east parcel would have a front on High street of four rods
and a front on Market street of four rods; the west parcel

would face four rods on Market street and abut on the west on an alley sixteen feet wide. On the west parcel is no building, but it is enclosed by a plain board fence. Upon the east parcel there is a dwelling house, fronting on Market street, and standing near the southeast corner of said parcel. The entire lot was worth one thousand dollars at the time of the sale. Divided into two parcels in the manner above described, the west parcel was at the time of the sale worth the sum of three hundred dollars; and the east parcel was, at the same time, worth the sum of six hundred dollars; that said Yetts was not present at the time of the sale, and had not actual notice of it; that he has not received any of the money arising from the sale, but the surplus thereof remains in the hands of the proper officer; that Wright afterwards paid said tax lien existing against said lot, and took possession soon after his purchase, and has ever since kept the plaintiff out of the possession of the same; and that the rents of said premises for the time the plaintiff has been so kept out of possessson, are of the value of three hundred dollars."

From the facts so found the court deduced the following conclusions as matters of law, to wit: "That the sale made by the sheriff, of the said lot, was void, for the reason that no part of said real estate was offered for sale by said sheriff; that said lot was at the time of said sale susceptible of division, and should have been offered in parcels; and that the entire lot should not have been offered for sale, until a portion of said lot had first been offered for sale; and that the defendant, having kept the plaintiff out of possession of said lot without right, is liable to pay for the use thereof." Then follows the judgment for the plaintiff in the usual form.

The defendant below, claiming that the finding of the court on the facts of the case was defective, moved for a *venire de novo,* which was overruled, to which he excepted; and he brings the evidence before this court by a bill of exceptions. He also excepted to the conclusions of law

drawn by the court from the facts as found. He then moved for a new trial, which motion was overruled, and he excepted.

The question made in the case is, was the sheriff's sale of the lot in controversy to Wright void, because the entire lot was sold without being first offered in parcels? The appellee makes no other attack upon the title of the appellant. The section of the statute which must control the decision in this case is as follows: "If the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale, than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 G. & H. 249, sec. 466.

Where, as in the case of *Catlett* v. *Gilbert*, 23 Ind. 614, the property sold as an entirety was occupied as two separate parcels, and this fact was known to the sheriff and the purchaser, there can be no serious doubt that the sale cannot be sustained, for the express letter of the statute has been disregarded. But where there is no actual division of the property, and the point must be determined by the sheriff, whether or not the same is susceptible of division, a more difficult question is presented, and one requiring the exercise of official discretion. Upon the conclusion reached, the sheriff must base his official action, and unless that action operates as a fraud upon the execution defendant or his creditors, it cannot be reviewed by the court. The statute commits to the judgment of the officer the solution of the inquiry whether the property can be divided or not, and upon a reasonable exercise of this judgment the purchaser has a right to rely. Wherever there may be an honest difference of opinion, the conclusion reached by the officer must be final.

In the case before us it is insisted that the finding of the court omits facts rendered material by the evidence, and that the facts found do not show an abuse of official discretion by the sheriff, and that the finding is not sustained by

the evidence. These points are all presented by the motion for a new trial. *Schmitz* v. *Lauferty*, 29 Ind. 400.

The return to the execution shows that there were other executions in the sheriff's hands which were liens upon the property sold. It also very clearly appears that the lot was peculiarly suitable for residence property, and for its use in that manner, it was desirable it should remain as one piece or parcel of land. It is true that some of the witnesses testify that the property might have been divided, and one part used for a livery stable or blacksmith's shop and the other portion for a residence, and the value of the entire property would have been injured only to the extent of from $100 to $300. But there are other witnesses who consider the use of a part for the purposes of a shop or stable as destructive of the value of the remainder as a residence site. But if it be admitted that the evidence sustains the finding of the court, and that the conclusion of law thereupon, that the property was susceptible of division, is correct, still there is nothing in either the evidence or the finding authorizing the conclusion that the sheriff had acted in bad faith or had abused the discretion confided to him by law. Nothing short of such proof can justify the court in disregarding the sale, where it is otherwise unobjectionable.

The judgment is reversed, and the cause remanded for a new trial. Costs here.

FRAZER, J., having been of counsel, was absent.

*G. W. Frasier,* for appellant.

*J. L. Worden* and *J. Morris,* for appellee.