## Voss *v.* Johnson.

SHERIFF'S SALE.—*Strict Compliance with Law.*—The sheriff and execution plaintiff are held to a reasonably strict compliance with the statute in the sale of real estate under execution.

SAME.—*Failure to Offer Each Piece Separately.*—Where a complaint to set aside such a sale, made to the execution plaintiff, alleged that the real estate consisted of two forty-acre lots, and the sheriff so treated it by offering one forty-acre lot separately, and then offered both lots together, the allegations were sufficient on demurrer.

SAME.—*Bid.—Evidence.—Case Explained.*—Proof that the sheriff failed to offer the second forty-acre lot, before offering the entire eighty acres, authorized the setting aside of the sale, and the fact that the entire eighty acres only brought the amount of the execution was immaterial. *Sowle* v. *Champion*, 16 Ind. 165, explained by a fuller statement of facts from the transcript.

APPEAL from the Hamilton Circuit Court.

DOWNEY, J.—This was a proceeding by complaint, instituted by the appellee against the appellant, to set aside a sheriff's sale of real estate. Issues were formed, there was a trial by jury, verdict for the plaintiff, motion for a new trial and in arrest of judgment overruled, and final judgment rendered for the plaintiff, by which the sheriff's sale and deed were set aside. The defendant appealed, and has assigned for error, first, the overruling of his demurrer to the complaint; second, the refusal to grant him a new trial; and, third, the overruling of his motion in arrest of judgment.

The complaint alleges that the defendant, on the 13th day of April, 1858, obtained a judgment in the Hamilton Cir-

cuit Court, against the plaintiff, for two hundred and eighty-seven dollars and seventy-five cents and costs; that on the 9th day of August, 1862, the defendant caused an execution to be issued on the judgment, and placed in the hands of the sheriff, who, on the 13th day of August, 1862, levied the same on the following real estate of the plaintiff, to wit: The east half of the north-east quarter of section twenty-two, in township nineteen north, of range four east, containing eighty acres; that the real estate was advertised for sale by the sheriff on the 6th day of September, 1862; that said tract of land consisted of two forty-acre lots; that the north forty was partly cleared, and the balance of it was pasture land, at the time of said sale, worth five thousand dollars, and of the annual rental value of five hundred dollars; that the south forty had a good dwelling-house, out-houses, orchard, and barn upon it; that at the time of said sale, said south forty was of the value of eight thousand dollars, and of the annual rental value of two thousand dollars; that the amount required to satisfy the execution was three hundred and sixty-five dollars and twenty-seven cents; that in making sale of said lands, said sheriff first offered the rents and profits of the whole of said lands, for a period of not exceeding seven years, and receiving no bid therefor, he then offered the fee simple of the said north forty; receiving no bid for that, he then fraudulently and in violation of his duty, offered the fee simple of the whole of said lands for sale, without having first offered the fee simple of said south forty; and the defendant bid therefor the sum of three hundred and seventy-five dollars, which was the amount due on said execution, including expenses of said sale; and thereupon said sheriff conveyed said lands to said defendant; and the plaintiff avers that said sheriff wholly failed to offer the rents and profits of each of said tracts separately before or after offering the rents and profits of the whole of said lands as aforesaid. He also wholly failed to offer the fee simple of said south forty before offering the fee simple of the whole, although he well

knew said lands consisted of said two forty-acre lots at the time he made said levy and sale. It is further alleged that each of said forty-acre lots was susceptible of division into lots of twenty acres; and that twenty acres off either the north or south end of the tract sold would have been much more than sufficient to have satisfied the execution, and could have been reasonably and conveniently detached and sold without damage to the aggregate value of said lands. Prayer that the sale be set aside, etc.

The statute provides, that the estate or interest of the judgment debtor in any real estate shall not be sold on execution, until the rents and profits thereof for a term not exceeding seven years shall have been first offered for sale at public auction; but if the same shall not sell for a sum sufficient to satisfy the execution, then the estate or interest of the judgment debtor shall be sold by virtue of the execution. 2 G. & H. 246, sec. 463. The statute also provides, that if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same is not susceptible of division. 2 G. & H. 249, sec. 466. We are of opinion that policy requires that sheriffs and execution plaintiffs shall be held to a reasonably strict compliance with these statutes. In the complaint in this case, it is alleged that the real estate in question "consisted of two forty-acre lots," and it was treated by the sheriff, in the presence of the execution plaintiff, at the time of the sale, as consisting of two lots or tracts. He offered for sale the north forty acres separately. If it was a separate lot or tract so was the south forty. With these allegations in the complaint, admitted by the demurrer to be true, we must hold, so far as the sufficiency of the complaint is concerned, that the land consisted of separate lots or tracts, and that it should have been offered as such by the sheriff. The next question is, did the sheriff offer and sell the land as the law requires that he should have done? It is shown that he did not offer the rents and

profits of each tract separately, but only offered the rents and profits of the whole eighty acres. It also appears that he did not offer the fee simple of the south forty separately, but that after offering the fee simple of the north forty only, he sold the fee simple of the whole eighty acres. We purposely refrain from the expression of any opinion in this case upon the question whether the sheriff was bound to offer the rents and profits of each tract separately, for the reason that the decision of that question is not necessary to the determination of the case. We are of the opinion that the failure of the sheriff to offer the fee simple of the south forty before selling the fee simple of the whole eighty renders the sale invalid. It is argued by counsel for appellant that as the whole eighty acres was sold for only enough to pay the debt, and no one bid anything for the north forty, this proves that the two lots sold separately would have brought no more than they sold for together. We think this argument is not conclusive, to say nothing more of it. It rests upon the assumption that bidders, present at a sheriff's sale, which is irregular or contrary to law, will bid as much as they will at a sale which is regular and legal. It must be presumed that persons present at such a sale know the law, and what it requires of the sheriff in making such a sale, and that, seeing that the sheriff is making the sale in violation of the law, they would not bid upon the land what they would bid if the sale were regular and in conformity to law. The argument based on the price bid or paid for the land can prove nothing, in such a case as this, as to the regularity of the sale.

At all events, we think, in this case, the sheriff so far departed from the requirements of the law that the sale ought not to stand. If we were in doubt about this, the gross inadequacy of the price would dispel our doubts. According to the complaint, the north forty was worth five thousand dollars, and the south forty eight thousand dollars, making thirteen thousand dollars as the value of the eighty acres. It all sold for three hundred and seventy-five dollars. As

to the duty of the sheriff to sell real estate in parcels, see *Catlett* v. *Gilbert*, 23 Ind. 614, and the cases there cited; also *Tyler* v. *Wilkerson*, 27 Ind. 450, and *Wright* v. *Yetts*, 30 Ind. 185.

We are referred to the case of *Sowle* v. *Champion*, 16 Ind. 165, as an authority in favor of the appellant. The question in that case is a little obscured by the language used in stating the facts. A recurrence to the files, and an examination of the transcript, have satisfied us that the decision in that case has been, and is, misapprehended. There were, in that case, one hundred and sixty acres of land sold, but it was not, as would seem from certain parts of the opinion, in the same quarter section, according to the congressional survey. Eighty acres were in section ten, and the same quantity in section eleven. On page 165, it is shown that the land consisted of the east half of the south-east quarter of section ten, and the west half of the south-west quarter of section eleven. On page 166, the opinion says, "the sheriff having offered the rents and profits, etc., as prescribed by law, offered: 1. The fee simple of the north-east quarter of the premises," that is, the north-west quarter of the south-west quarter of section eleven. "2. The south-east quarter," that is, the south-west quarter of the south-west quarter of section eleven. "3. The east half of the quarter section," that is, the east half of the south-east quarter of section ten.

From the language of the opinion, on page 167, it is clear that this was the meaning of the learned judge who wrote the opinion, for he says: "As has been seen, one forty-acre tract was first offered, then another subdivision of forty acres, and the remaining eighty, being the east half, as described in the execution, was then offered," that is, the east half of the south-east quarter of section ten. "This, it seems to us, was at least a substantial compliance with the statute. Having offered two forty-acre lots, and then an eighty, without receiving a bid, it was fair to presume that

a further offer of less than the entire quarter section would be useless."

By the use of the words "the entire quarter section," it might be inferred that the tracts were in the same quarter section, which, however, as we have seen, was not the case. In that case, there was no part of the land which was ultimately sold together, that had not been previously offered in smaller tracts: half of it in forty-acre tracts, and the other half in one tract of eighty acres. In that respect, that case was unlike the one under consideration, and is not an authority to sustain the action of the sheriff in this case.

We have examined the evidence, and also the instructions, and do not see anything in them requiring us to disturb the judgment rendered in the court below. It is true that the value of the land, as it appears in the evidence, is much less than is alleged in the complaint, but this does not make any change in our opinion with reference to the main question.

The motion in arrest of judgment was in writing, and is not set out in the transcript, and hence we cannot tell the ground of it. If it was upon the alleged insufficiency of the complaint, we have already decided it.

The judgment is affirmed, with costs.

*J. Buchanan*, for appellant.

*D. Moss* and *F. M. Trissal*, for appellee.