## BARDEUS v. HUBER.

SHERIFF'S SALE.—*Real Estate Susceptible of Division.—Irregularity.—Notice.*—
A sheriff's sale, *in solido*, to the execution plaintiff, of a tract of land already subdivided, or susceptible of division, into separate lots or tracts, each of which is sufficient to satisfy the execution, without first offering them separately, is one which can not be upheld; and the execution plaintiff is chargeable with notice of such irregularity.

From the Porter Circuit Court.

*M. Wood, T. J. Wood, T. J. Merrifield* and *W. Johnston*, for appellant.

*E. C. Field*, for appellee.

BIDDLE, C. J.—This case has already been once carefully decided by this court, and reported in 45 Ind. 235.

It comes back again upon the same questions, and substantially the same evidence. The controlling question is the validity of a sheriff sale.

The case was commenced in the Lake Circuit Court; the venue changed to the Pulaski Circuit Court, wherein judgment was rendered against Bardeus, which, upon appeal, was reversed by this court. Afterwards, the ven-

rue was changed to the Porter Circuit Court, wherein the judgment which we are now considering was rendered.

At the May term, 1870, of the court of common pleas of Lake county, the appellee recovered judgment and foreclosure of mortgage, against the appellant, for three hundred and sixty-five dollars and eighty cents, with costs. An order of sale was issued to the sheriff to sell the mortgaged premises to pay the debt. The premises consist of four acres of ground adjoining the town of Crown Point, lying in nearly a square shape. It is subdivided into a lot containing $\frac{88}{100}$ of an acre, upon which is erected a dwelling-house, a mill lot, with a mill upon it, containing $1\frac{10}{100}$ acres, a barn lot, and barn upon it, containing $1\frac{52}{100}$ acres, and a small lot containing $\frac{49}{100}$ of an acre, either of which subdivisions could be sold separately, without substantial injury to the remaining property. The house and lot and mill and lot are divided by a lane, or wagon road; and, by the evidence, either is worth sufficient to pay the debt. The house and lot was estimated at about one thousand dollars, and the mill and lot at about two thousand dollars.

The land lies within eighty rods of the public square of the town of Crown Point, and is regarded as good property. After the sheriff had offered the rents and profits for seven years, as required by law, and receiving no bid therefor, instead of offering it in parcels, when it was so easily susceptible of subdivision, indeed, already divided, he offered the entire property, which was bid in by the judgment plaintiff, who must be held to have had notice of all irregularities, for four hundred and twenty-nine dollars and seventy-five cents. Such a sale is unjust and oppressive, and can not be upheld. It has been once declared invalid by this court, and is now declared invalid again; and why the circuit court should uphold it after the law of the case between the parties had been settled by this court, we do not perceive.

The judgment is reversed, at the costs of the appellee,

and the cause remanded, with directions to sustain the motion for a new trial, and for further proceedings according to this opinion.