HASSELMAN ET AL. *v.* LOWE ET AL.

SHERIFF'S SALE.—*Certificate of.—Rights of Assignee.*—A sheriff's certificate of sale of real estate conveys no title, but is simply an obligation upon which title may be obtained, if the land is not redeemed; and an assignee of such certificate takes no more thereunder than his assignor.

SAME.—*Action to Recover Land Sold on Execution.—Instruction.—Subsequent Purchaser from Judgment Defendant.*—In an action to recover real estate, wherein the plaintiff claimed under a sheriff's deed founded upon a sheriff's certificate of sale to the execution creditor, assigned by him to the plaintiff, and the defendant claimed title under a conveyance by the judgment defendant subsequent to the rendition of judgment, it was error to instruct the jury that, if the plaintiff had purchased such certificate in good faith, without notice of irregularities in the sheriff's sale or return and for a valuable consideration, they should find for the plaintiff.

SAME.—*Fraudulent Conveyance —Trust Deed.—Abandonment of Trust.*—It was also erroneous to instruct them, that, if the defendant's title was fraudulent, or merely a trust which had been abandoned, the plaintiff should recover. In such an action the plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of the defendant's.

SAME.—*Subsequent Purchaser from · Judgment Plaintiff.—Conveyance.*—It was also erroneous to instruct the jury, that the grantees of a judgment plaintiff, under a conveyance by the latter of lands purchased by him at a sale on an execution issued on a judgment in his favor, take no better title than the latter.

From the Hamilton Circuit Court

*A. C. Harris, T. J. Kane* and *T. P. Davis*, for appellants.
*J. W. Evans* and *R. R. Stephenson*, for appellees.

BIDDLE, C. J.—Complaint by the appellees, to recover the possession of the following described property:

"Lot number two (2) in Salathiel Fisher's Addition to the Town of Fisher's Station, including the grist-mill, thirty-two-horse power stationary engine and boiler, two run of burrs, elevator, and all machinery thereunto belonging. Also, one portable saw-mill complete, including thirty-horse power engine and boiler, log carriage, saws, and all the machinery thereunto belonging, all being situated on said lot," with damages for the alleged detention thereof.

Answer of general denial; trial by jury; verdict gen-

erally for the plaintiffs, assessing the damages at one dollar. Appeal.

The appellees claim title to the property under a judgment rendered against George Hamilton, on the 8th day of September, 1874, in favor of Byram, Cornelius & Co., for fifty-seven dollars and seventy-four cents and costs; execution levied on the property described in the complaint, also on lot No. 44, in the town of Fisher's Station; sheriff's sale, and certificate of the sale, to the plaintiffs in the judgment; an assignment of the certificate, and a sheriff's deed to the appellees.

The evidence tended to prove that lot 44 was a distinct property, with a dwelling-house upon it, from lot No. 2, upon which the grist-mill, portable saw-mill, and other property were situated, and that the lots lay several hundred feet apart from each other. The evidence also tended to prove that lot No. 44, with the dwelling-house upon it, was worth from three hundred and fifty to five hundred dollars, and that lot No. 2, with the grist-mill, saw-mill, and other property on it, was worth about fifteen hundred dollars. The sheriff sold the whole property, *in solido*, to the plaintiff's in the judgment, for one hundred and twenty-one dollars and forty-eight cents.

The appellants insist that the sale is void, because the sheriff sold the property *in solido*, when it was susceptible of division, and when the smallest parcel would have paid the judgment; and also for the gross inadequacy of price. As the validity of the sale is not a direct question in the case, we express no opinion upon the point, but see the following authorities: *Reed* v. *Carter*, 1 Blackf. 410; *Reed* v. *Carter*, 3 Blackf. 376; *Sherry* v. *Nick of the Woods*, 1 Ind. 575; *Swope* v. *Ardery*, 5 Ind. 213; *Reed* v. *Diven*, 7 Ind. 189; *Davis* v. *Campbell*, 12 Ind. 192; *Banks* v. *Bales*, 16 Ind. 423; *Lashley* v. *Cassell*, 23 Ind. 600; *Tyler* v. *Wilkerson*, 27 Ind. 450; *Piel* v. *Brayer*, 30 Ind.

332; *Voss* v. *Johnson,* 41 Ind. 19; *Bardeus* v. *Huber,* 45 Ind. 235; *Bardeus* v. *Huber,* 60 Ind. 132; *Whisnand* v. *Small,* 65 Ind. 120.

It was admitted upon the trial, that George Hamilton owned lot No. 2, on the 8th day of September, 1874, at the time the judgment upon which the sale was made was rendered. The evidence tends to prove that said Hamilton and his wife conveyed to Lewis W. Hasselman lot No. 2, on the 1st day of November, 1875. Hasselman claims title to the lot under this conveyance, and the other appellants claim as tenants under Hasselman. This being the state of the evidence, the court gave the jury the following instructions :

"2. It is only execution plaintiffs who are chargeable with notice of irregularities in sheriff's sales, and if you find from the evidence in this cause that the plaintiffs purchased the sheriff's certificate in good faith, for a valuable consideration, and without notice of any irregularities in the sheriff's return, or in his sale of said real estate, then your finding should be for the plaintiffs.

"3. If the sheriff committed any errors in his sale of the real estate mentioned in the complaint, then he alone is liable for the same, and not the plaintiffs in this suit, if they purchased in good faith and without notice of such irregularities.

"4. The defendant Hasselman claims title to the land in controversy by virtue of a deed of conveyance from the plaintiff George Hamilton, and all the other defendants claim title as tenants of Hasselman. If you find that the deed so made to Hasselman was procured by fraud and without any consideration, then you should find for the plaintiff.

"5. Or, if you find that the deed through which Hasselman claims was made to him by Hamilton, in trust for a particular purpose, and said trust has been abandoned by

all the parties thereto, then Mr. Hasselman can have no interest in said land, but the same reverts to the grantor, Hamilton, and you should find for the plaintiffs.

"6. The judgment plaintiffs are chargeable with notice of all irregularities in a sheriff's sale, and the grantees of the judgment plaintiffs can take no greater title or right in the property sold at sheriff's sale than was acquired by the judgment plaintiffs by virtue of said sale."

Instruction numbered 2 is erroneous. The sheriff's certificate of sale does not convey a title to the land sold, but simply an obligation upon which a title may be obtained, after the expiration of a year from the sale, unless the land is redeemed within that time. The assignee can take no more by the certificate than the purchaser at the sale took by his purchase.

The instruction is wrong for another reason. The defendants at the trial introduced evidence tending to prove title in themselves. The instruction directs the jury, that, if they find the plaintiffs purchased the certificate in good faith, for a valuable consideration, then their finding should be for the plaintiffs. This entirely ignores the defendants' evidence; for the plaintiffs might have been the *bona fide* holders of the certificate, and yet their title be overthrown by the defendants' evidence.

Instruction numbered 3 is erroneous also. It does not express the word "certificate," but, following No. 2, the jury would understand it to mean that, if the plaintiffs purchased the certificate in good faith, they would not be bound by any irregularities in making the sale, although the purchaser was so bound. In this it was erroneous.

No. 4 instructs the jury, that, if the deed to Hasselman is fraudulent, they should find for the plaintiffs. This is incorrect; for, if Hasselman had no title to the property, and introduced no evidence, it would not follow necessarily that the plaintiffs could recover. The plain-

tiffs must recover on the strength of their own title, and not upon the weakness of the title of the defendants.

No. 5 is erroneous for the same reason that rendered No. 4 erroneous; namely, instructing the jury to find for the plaintiffs, if the trust in the deed to Hasselman had failed.

No. 6 can not be upheld. It will be noticed that the words, " the grantees of the judgment plaintiffs," are used instead of " the purchaser of the sheriff's certificate." The word " grantees " means such persons as take title by deed of conveyance. Although the purchaser at a sheriff's sale can not convey any more right by the assignment of his certificate than he took by his purchase, yet, if he should obtain the sheriff's deed on his certificate, and then convey the land for a valuable consideration, without notice, his grantees might become innocent purchasers, and thus take a better title than the purchaser obtained by his purchase at sheriff's sale.

The appellees have not furnished us with any brief. We do not know upon what ground they expected to uphold their case.

The judgment is reversed, at the costs of the appellees, and the cause is remanded, for further proceedings.