Jones *et ux. v.* The Kokomo Building Association.

* * *

No. 8385.

JONES ET UX. *v.* THE KOKOMO BUILDING ASSOCIATION.

CORPORATION.—*Contract.—Estoppel.*—One who contracts with an association as a corporation is estopped to deny its corporate existence.

MORTGAGE.—*Joint Mortgagors.—Foreclosure.—Decree.—Real Estate, Action to Recover.*—If one of two joint mortgagors is surety for the other, and desires a decree requiring that the property of the principal shall

be first exhausted, he must take the proper steps for that purpose, the creditor not being required, of his own motion, to do so; and that question can not be litigated in a suit to recover possession of the real estate bought by the purchaser at a sale upon the decree.

SHERIFF'S SALE.—*Deed.—Delay.—Redemption.*—A delay of four months after the expiration of the time allowed for redemption, to execute a sheriff's deed for land sold, can not invalidate the purchaser's title, and it is doubtful whether any delay would have that effect.

SAME.—*Statute of Frauds.—Presumption.*—A sheriff's sale of real estate is within the statute of frauds, but the return bearing date of the day of sale is a sufficient memorandum in writing, and it will be presumed that it was made at the proper time, until the contrary is shown.

SAME.—*Sale In Solido.—Collateral Attack.*—A sale by a sheriff, of a city lot, occupied by two joint defendants as a single lot, with nothing to indicate a division into two parts, the value of the whole not appearing to be in excess of the judgment, is not a nullity, though the defendants each has title in severalty to separate parts of the lot. *Semble,* that a sheriff's sale of real estate *in solido,* which ought to have been sold in separate tracts, is not void, but only voidable, and the sale can only be questioned by a direct proceeding.

From the Howard Circuit Court.

*J. N. Sims* and *L. M. Conn,* for appellants.

*R. Vaile* and *J. F. Vaile,* for appellee.

ELLIOTT, C. J.—Appellants are husband and wife, and with their family occupants of the real estate in controversy. Each acquired title to a separate part of the lot, by conveyances from different persons, executed at different times. The dimensions of the lot are as follows: Width, from north to south, 63 feet; length, from east to west, 132 feet. The width represents the frontage, and of this Harriet A. Jones, the wife, owned thirty-three, and John E. Jones, the husband, thirty feet. A dwelling-house occupies all that part of the lot conveyed to Harriet A., and one wing extends over that part owned by John E., about six inches. The lot is surrounded by a fence, and forms one enclosure. Two mortgages, covering the entire lot, were executed to the appellee by the appellants; these were foreclosed, sale made

by the sheriff, and the property purchased by the appellee. The property was sold *in sólido.*

This action was instituted to recover possession, and the appellee obtained judgment.

Appellants are not in a situation to deny the corporate existence of the appellee. They are concluded by their contract from averring that the appellee is not a corporation. One who contracts with an association as a corporation is estopped to question the corporate existence.

Joint mortgagors do not *prima facie* occupy toward their creditor the relation of principal and surety, and the statute does not require that the creditor shall, of his own volition, take a decree providing that the property of one rather than that of the other should be first exhausted. If one of the mortgagors desire such an order, the proper petition must be filed, and the relationship established. Such a question can not be litigated, in an action brought by the mortgagee to recover possession of the mortgaged premises bought at the sheriff's sale upon the decree of foreclosure.

The fact, that the sheriff did not execute a deed to the appellee for four months after the year for redemption had expired, does not invalidate the sale. The deed is the mere evidence of title, and the purchaser's rights can not be impaired by the failure of the sheriff to execute the deed immediately upon the expiration of the year allowed for redemption. The counsel are in error in supposing that the statute imperatively requires that the sheriff shall execute the deed as soon as the year expires. There are no words restraining him from executing it at any time after the year has expired, and the familiar rule, that, where there are no negative words restraining or limiting the exercise of a power granted to a public officer, it may be exercised within any reasonable time, fully applies. It may well be doubted whether the omission of the sheriff to execute a deed at any time could be held to defeat a purchaser's title; but, how-

Jones *et ux. v.* The Kokomo Building Association.

ever this may be, it is certain that a delay of four months could have no such effect.

A sale made by a sheriff, upon an execution, is within the statute of frauds. But a written memorandum, or a part performance, will take the case out of the operation of the statute. *Ruckle* v. *Barbour*, 48 Ind. 274. The special finding of facts, as well as the evidence, shows that a written return was made by the sheriff, and a certificate issued to the purchaser. The return was of itself sufficient to take the case out of the statute. The date of the return shows that it was made on the same day that the land was sold, and as the presumption is, that the officer did his duty, it must be held that the return was made at the time the sale took place. The burden is upon the party who attacks the sale, and he must show, by a preponderance of the evidence, such an irregularity as makes the sale invalid. *Talbott* v. *Hale*, 72 Ind. 1. There is no evidence in this case tending to prove that the return was not made at the proper time, nor is there any evidence showing that other written memoranda were not made.

The really important and controlling question in this case is, whether the fact that the lot was sold as an entirety, and not offered for sale in parcels, renders the sale void. If the effect of the failure to offer for sale in parcels is to utterly invalidate the sale, and make it a mere nullity, then the appellants are in a situation to properly contest the question of the appellee's right to possession. If, on the other hand, the omission to offer the property for sale in parcels is a mere irregularity, and not of such a serious character as to render the sale void, the appellants can not in this collateral manner impeach the validity of the sheriff's sale. Mere irregularities in the conduct of a sale by the sheriff can not be made available in a collateral attack. Where the sale is not void, the only method in which it can be impeached is by a direct proceeding. It is said in Rorer on Judicial Sales,

sec. 28 : "The court has no control over the sheriff, except by quashing the writ, or ordering its return into court, and can not even set the sale aside in those States where report and confirmation are not provided for, except on judicial proceedings set on foot directly for that purpose." Mr. Freeman says: "Errors and irregularities must be corrected by a direct proceeding. If not so corrected, they can not be made available by way of collateral attack on the purchaser's title." Void Judicial Sales, p. 44 ; Freeman Executions, sec. 337. It is said by another author : "An officer's deed, if regular on its face, made to a purchaser in good faith, can not be impeached in collateral proceedings for mere irregularities in the execution of the process, or in the judgment and return, or for neglect to return the execution, if the judgment is valid, and the execution issued thereon is warranted by the judgment." Herman Executions, p. 483.

The decisions in this State upon the question, whether the failure of the sheriff to offer the land for sale in separate parcels renders the sale utterly void, have not been uniform. There is much conflict and confusion. In the cases of *Sherry* v. *Nick of the Woods*, 1 Ind. 575, *Reed* v. *Diven*, 7 Ind. 189, *Banks* v. *Bales*, 16 Ind. 423, *Catlett* v. *Gilbert*, 23 Ind. 614, *Tyler* v. *Wilkerson*, 27 Ind. 450, and *Piel* v. *Brayer*, 30 Ind. 332, it was held that a sale *in solido* was a nullity. The cases of *West* v. *Cooper*, 19 Ind. 1, and *Patton* v. *Stewart*, 19 Ind. 233, assert a different doctrine. In the later case of *Weaver* v. *Guyer*, 59 Ind. 195, the doctrine of the cases first cited was expressly repudiated, and WORDEN, J., speaking for the court, said : "It may be observed that sometimes the word 'void' is used in the books where 'voidable' would convey the meaning more accurately. So in the case of *Banks* v. *Bales*, *supra*, where more land had been sold than was necessary to satisfy an execution, and it appeared that it was susceptible of division, the sheriff's deed was pronounced a 'nullity.' We are of opinion, that that is a mistake ; that a sheriff's

deed in such a case is not a nullity, nor is such sale void. Such sale is doubtless voidable; but, unless avoided by a party entitled to avoid it, it will be valid.''

In *Bardeus* v. *Huber*, 45 Ind. 235, a somewhat different view was taken. It was there said: ''We think the provision that 'no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution,' * * * requires the sheriff to exercise a sound discretion in offering real estate for sale on execution, where there has been no actual division made, and it is at the time in one tract or parcel. It is not enough that there may be an honest difference of opinion as to the propriety of a division. But it must be so palpable and clear that the sale should have been in parcels, that a sale without division would operate as a fraud upon the execution defendant, and show that the sale of the whole tract was an abuse of official discretion.'' The case of *Wright* v. *Yetts*, 30 Ind. 185, declares substantially the same doctrine. The question in *Voss* v. *Johnson*, 41 Ind. 19, was presented in a direct proceeding, and what was there decided can hardly be deemed applicable to a case where the question comes up in a collateral attack. In *Whisnand* v. *Small*, 65 Ind. 120, the sale was not made in parcels, but all that was said upon the subject is: ''Perhaps the sale would have been void for that reason.'' *Huber* v. *Bardeus* was in this court twice. *Bardeus* v. *Huber*, 60 Ind. 132. The facts as shown in the opinion delivered when the case was here the second time bring it fully within the rule declared when the case was first in this court. The question as to the effect of a sale *in solido* was made, but not decided, in *Hasselman* v. *Lowe*, 70 Ind. 414.

It is said by Mr. Freeman, that '' In Indiana, Michigan, Tennessee and Pennsylvania, a lumping execution sale of two or more separate parcels of land is void; but in nearly, if not quite all the other States, such a sale, though voidable, is not a nullity. In Michigan, a probate sale is not void

because two or more parcels are sold together.'' Void Judicial Sales, sec. 37 ; Freeman Ex., sec. 296. It may well be doubted whether our own rule can be fairly said to go as far as this author asserts. It must be owned, however, that some of our cases do go to this extent, but just what the rule is it is not easy to say, for the confusion is well-nigh chaotic. We are inclined to think the true rule in such cases is, that the sale is voidable—not void.

The case in hand, however, requires us only to decide this general question : Is a sheriff's sale to be deemed a nullity in cases where there is no actual division of the property and the parcel sold is a town lot enclosed by a fence on four sides, forming one enclosure, and the value of the entire lot sold is not shown to be in excess of the judgment? This is the precise point here in judgment. We are not required to decide whether, if there had been an actual partition wall or fence, the parcels should have been separately offered for sale. Nor are we required to decide what would be the rule if, although there were no visible marks of separation, the land sold greatly exceeded in value the amount of the judgment. We are not embarrassed by any such incidental questions. For anything that appears, the lot was of no greater value than the amount of the judgment upon which it was sold. There is nothing indicative of fraud or oppression. There is nothing in the case, from first to last, showing that there was any abuse of discretion. The question we have stated must, we are clear, be answered in the negative. Our own decisions, barring two or three cases, contain nothing requiring us to hold differently ; but, on the contrary, there are many of them requiring us to hold as we do. The adjudicated cases of other States strongly support the conclusion which we have reached.

The fact that the lot was owned by the mortgagors separately does not change the case. They both joined in the execution of the mortgage, and the decree is against the

entire property. The command which it carried to the officer was to sell, not the separate interest of one of the mortgagors, but the joint interest of both. The question is, not whether there are several owners of one parcel of land, but whether there are several distinct parcels of land. The ownership is immaterial; the question of divisibility is the material one. The mortgagee is not bound to inquire whether the mortgagors own by separate conveyances, nor does the fact that they so own affect his rights. Where there are several owners and but one tract, the whole may, in the proper case, be sold. In *Kiser* v. *Ruddick*, 8 Blackf. 382, it was held that the sheriff was not bound to sell in parcels, although there were several owners. It was there said: "In this case, the levy having been made upon the tract of land in one body, it was proper to sell it so, unless there should have been some good reason shown for the sale being made in a different manner. It is not charged in the bill that the debts could have been made by the sale of any portion of the tract less than the whole, or that the property would have sold for a greater price if it had been sold in lots. There is a general charge that the property was sacrificed by being sold in the manner it was sold, and by the collusion and confederation of the execution plaintiffs with persons unknown, which is denied by the answers and not proved. We see no reason therefore for setting aside the sale upon that ground."

The manner in which the property was acquired and held does not determine its divisibility. The derivation of title does not change the situation of the land. Property owned by different persons, and by titles derived from different sources, but covered by the same judgment and decree, is not necessarily susceptible of division. *Wilson* v. *Twitty*, 3 Hawks, 44; S. C., 14 Am. Dec. 569; *Neilson* v. *Neilson*, 5 Barb. 565.

It was said in *Kiser* v. *Ruddick, supra*, that the sheriff is invested with a discretion in selling real estate, and this doc-

trine is affirmed in many other of our cases. There is no abuse of this discretion in selling the entire property, unless the parcels can be conveniently and reasonably detached from the residue of the property. *Tiernan* v. *Wilson*, 6 Johns. Ch. 411; *Hewson* v. *Deygert*, 8 Johns. 333. This could not have been done in this case. The lot, as the evidence shows, and as the special finding discloses, was rather less than the usual size of town lots, was a common enclosure, the dwelling-house situated on both pieces, and the whole jointly occupied by the mortgagors and their family. In such a case it is not easy to perceive how the sheriff could have "reasonably detached" and sold one parcel. At all events, it does not appear that he did not exercise a reasonable and sound discretion in selling the entire lot.

Judgment affirmed.