No. 5821.

## Nelson et al. *v.* Bronnenburg.

Sheriff's Sale.—*Action to Set Aside.*—*Pleading.*—A complaint to set aside a sheriff's sale of real estate on execution, against a vendee of the purchaser, on the ground that the execution defendant's personal property was not first exhausted, and that the real estate sold should have been subdivided and a part only sold, is bad on demurrer, if it do not show that the sheriff had knowledge of the personal property or by reasonable diligence could have discovered it, and that it was within reach of the execution, and was so unencumbered that its sale would have yielded something, and that the vendee had notice of the irregularities.

Same.—*Sale in Parcels.*—Whenever it is doubtful whether real estate levied on is legally susceptible of division, the action of the sheriff, taken in good faith and without abuse of discretion, is conclusive.

Same.—*Division.*—It is doubtful whether, in selling an undivided share of real estate on execution, a sheriff has power to subdivide such share and sell less than the whole of it.

Same.—*Sale in Solido.*—*Limitation of Action to Set Aside.*—A sheriff's sale of real estate *in solido*, which should have been sold in parcels, is not void but voidable, and proceedings to set it aside must be brought within a reasonable time—and *it seems* that this must be done within the year allowed for redemption, unless excuse be shown for the delay.

From the Madison Circuit Court.

*R. Lake, W. R. Pierse, H. D. Thompson* and *W. March,* for appellants.

*J. W. Sansberry, E. B. Goodykoonts* and *M. A. Chipman,* for appellee.

BICKNELL, C. C.—The appellee brought this suit to set aside a sheriff's deed, and quiet his title to real estate. The complaint states that, on August 14th, 1871, the plaintiff bought from Jasper H. Nelson an undivided half of a certain lot in the town of Anderson, and on the 19th of October, 1871, bought from the same person the other undivided half of said lot; that the plaintiff's deeds were dated respectively August 14th, 1871, and October 19th, 1871; that on the 16th day of August, 1871, the defendant Chambers obtained a judgment in the Court of Common Pleas of Madison county against said Nelson for $229.90 and costs, and that under an execution issued on that judgment an undivided half of said lot was sold by the sheriff on April 27th, 1872, as the property of said Nelson, to the defendant Chambers, who obtained a deed therefor from the sheriff, on the 28th of April, 1873, and afterwards, in 1873, sold and conveyed said undivided half to his co-defendant Susan Nelson; that said sheriff's sale was void, because said undivided half of said lot was not offered in parcels; that one-fourth thereof would have satisfied said execution; that the lot was divisible without injury into four lots, each 18 by 142 feet, any one of which would have been worth $1,000, and would have been amply sufficient to satisfy said judgment and costs, which amounted to $272 only; that said sale was also void, because said Jasper H. Nelson had personal property subject to said execution, which ought to have been sold and exhausted first. The complaint demanded that both said deeds be set aside, and that the plaintiff be quieted in his title, etc. A demurrer to the complaint for want of sufficient facts was overruled; the general denial was filed and the issues were tried by a jury, who made the following verdict: "We, the jury, find for the plaintiff, and that the sheriff's sale described in the complaint was illegal." A new trial was granted, and the cause was again tried by a jury, who found for the defendants. A second new trial was granted, and the cause was a third time tried by a jury, who returned the following ver-

dict: " We, the jury, find for the plaintiff." They also returned answers to interrogatories. The defendants moved that the jury be required to answer further the interrogatories numbered 2, 3, 4, 5, 9, 12, 13 and 18; this motion was overruled. The defendants' motions for judgment upon the answers to the interrogatories, for a *venire de novo*, for a new trial and in arrest of judgment, were all overruled. Judgment was rendered on the verdict and the defendants appealed.

They assigned errors as follows:

1st. In overruling the demurrer to the complaint.

2d. In overruling the defendants' motion for judgment upon the answers to the interrogatories.

3d. In overruling the defendants' motion for a *venire de novo*.

4th. In overruling the motion for a new trial.

5th. In overruling the motion in arrest of judgment.

The complaint claims that the deeds shall be set aside and the plaintiff's title quieted for three reasons:

1st. That the undivided half of the lot was not sold in parcels.

2d. That the undivided half of the lot was sold for an inadequate price.

3d. That the undivided half of the lot was sold before the defendants' personal property was exhausted.

In Indiana, the duties of a sheriff upon a sale on execution are, in general, regulated by statute. " In all cases where the personal estate of the debtor, subject to execution, is insufficient to satisfy the execution, the real estate shall be exempt from levy and sale until the personal estate is levied upon and sold," etc. 1 R. S. 1876, p. 210, section 444. It has been held under this section, that where an execution defendant, pending a levy upon his real estate, and before the sale, offered personal property to the sheriff, which offer the sheriff disregarded, a subsequent sale of the real estate should be set aside, in a direct proceeding for that purpose. *Davis* v. *Campbell*, 12 Ind. 192. It is also held that the sheriff need not first levy upon personal property, if it be so encumbered

that it would produce nothing upon the execution. *Detrick* v. *The State Bank,* 6 Ind. 439. And under another statute, which requires the sheriff to levy first upon the property designated by the execution defendant, it is held that the sheriff is not bound to seek the execution defendant and demand from him such designation. *Drake* v. *Murphy,* 42 Ind. 82.

The complaint under consideration simply alleges that Jasper H. Nelson had personal property subject to execution, which ought to have been, but was not, exhausted before any sale of his real estate. It is not alleged that the sheriff had knowledge of such personal property, or by reasonable diligence could have discovered it. There is no description of the property, and no statement of its locality. It is not averred that it was in the county. It is not averred that it might have been taken under the execution held by the sheriff, nor that it was unencumbered, so that a sale of it would have produced something upon the execution. Some of these defects are fatal. There is no cause of action in such a case, without an averment that the sheriff had knowledge of the personal property, or by reasonable diligence might have discovered it, and that the same might have been taken under the execution if he had discovered it. The complaint contains no cause of action so far as relates to the alleged failure to levy upon personal property. Inadequacy of price alone is not sufficient to avoid a sheriff's sale. *Roe* v. *Ross,* 2 Ind. 99; *Benton* v. *Shreeve,* 4 Ind. 66; *Sowle* v. *Champion,* 16 Ind. 165. But inadequacy of price, in connection with other irregularities, may be sufficient to avoid a sheriff's sale. *Dawson* v. *Jackson,* 62 Ind. 171. As where property is unnecessarily sold as a whole instead of in parcels. *Reed* v. *Carter,* 3 Blackf. 376 (26 Am. Dec. 422); *Doe* v. *Smith,* 4 Blackf. 228; *Reed* v. *Diven,* 7 Ind. 189. The statute in reference to sales of real estate on execution, in parcels, is as follows: "If the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the

execution, unless the same is not susceptible of division." 1 R. S. 1876, p. 217, section 466. In the case at bar there were no separate parcels of the land. The property was an undi-' vided half of a town lot; if there was any irregularity in the sale, it was a violation of the last clause of said section 466, to wit, the sale of more than was necessary to satisfy the execution, when the interest levied on, namely, the undivided half of the lot, was susceptible of division.

It is questionable whether section 466, *supra,* embraces any lands not susceptible of division territorially; but, waiving that question for the present, what is the general duty of the sheriff under section 466? In *Reed* v. *Diven, supra,* the court held that a similar provision in the statutes of 1852 imposed a duty on the sheriff which he could not omit. They said: "The property levied on, being divisible, he is restricted from offering more of it than may be necessary to discharge the debt in his hands for collection." And they held, that, under the statute, the sheriff himself, when he levies on real estate, must be presumed to know whether it is susceptible of division or not. In *The State* v. *Leach,* 10 Ind. 308, under our present statute, *Reed* v. *Diven, supra,* was cited with approbation. In *Voss* v. *Johnson,* 41 Ind. 19, the court, after citing section 466, *supra,* said: "We are of opinion that policy requires that sheriffs and execution plaintiffs shall be held to a reasonably strict compliance with these statutes."

The allegation in the complaint is, that the sheriff sold to the execution plaintiff the entire undivided half of said lot, when the lot was susceptible of division into four equal parts, and when the undivided fourth of it was sufficient to satisfy the execution, being worth $1,000, while the amount due on the execution was only $272, and that, therefore, not only the sheriff's deed to the execution plaintiff, but the deed of the latter to his co-defendant, Susan Nelson, were both void.

If section 466, *supra,* embraces such a case as the present, the question arises, can the plaintiff, under the circumstances stated in the complaint, take advantage of the non-compli-

ance with the statute. If a sale in violation of the statute were absolutely void, and a mere nullity, the right to set it aside could not be barred by delay in proceeding within the time fixed by the statute of limitations, but if the sale be voidable only, it is capable of affirmation and is valid until avoided, and on general principles the application to set such a sale aside would not be sustained unless made within a reasonable time.

It was formerly held in Indiana, that such a sale by the sheriff was absolutely void, a mere nullity ; and in the case of *Catlett* v. *Gilbert,* 23 Ind. 614, the preceding cases of *West* v. *Cooper,* 19 Ind. 1, and *Patton* v. *Stewart,* 19 Ind. 233, were overruled, because they held such sales voidable only, and because they changed the rule laid down in *Banks* v. *Bales,* 16 Ind. 423, and other earlier cases, which declared that such sales were absolutely void. But the ruling in *Catlett* v. *Gilbert, supra,* has not been adhered to. In *Bardeus* v. *Huber,* 45 Ind. 235, the court said : " We do not mean to decide that if a sheriff shall sell the whole of a single tract or parcel of land, when it is susceptible of division without injury, and when a sale of part of it would satisfy the execution, the sale is necessarily void." And in *Weaver* v. *Guyer,* 59 Ind. 195, the court said : " sometimes the word ' void ' is used in the books where ' voidable ' would convey the meaning more accurately. So in the case of *Banks* v. *Bales, supra,* where more land had been sold than was necessary to satisfy an execution, and it appeared that it was susceptible of division, the sheriff's deed was pronounced ' a nullity.' We are of opinion, that that is a mistake ; that a sheriff's deed in such case is not a nullity, nor is such sale void ; such sale is doubtless voidable ; but, unless avoided by a party entitled to avoid it, it will be valid." So in *Stotsenburg* v. *Same,* 75 Ind. 538, the court said : "A sale of real estate, as an entirety, which is susceptible of division and sale in parcels sufficient to satisfy the execution, is voidable, and may be set aside." See also *Jones* v. *Kokomo, etc., Association,* 77 Ind. 340.

It may therefore be considered as settled in Indiana, that such sales are voidable, but not void, and that is the general rule throughout the United States. See the cases cited in Freeman Ex., section 296. It follows that such a sale can not be set aside against an innocent vendee of the original purchaser, unless such vendee had notice of the irregularity in the sale. *The McLean Co. Bank* v. *Flagg*, 31 Ill. 290; *Mixer* v. *Sibley*, 53 Ill. 61.

In the present case, the property was bought at the execution sale by the judgment plaintiff, who, after the expiration of the year for redemption, conveyed it to his co-defendant, Susan Nelson. The complaint does not charge that she had any notice of the alleged irregularity in the sale. It was held, in the case of *Piel* v. *Brayer*, 30 Ind. 332, that the vendee of a judgment plaintiff, who purchased at a sheriff's sale, is chargeable with notice of the contents of the record, and that where the record showed a levy upon separate parcels of land, and a sale of them in mass, such vendee had constructive notice of that irregularity; but, in the present case, the record merely shows a levy and sale of the undivided half of a town lot, without anything to indicate susceptibility of division, or irregularity of any sort in the sale. In *Hasselman* v. *Lowe*, 70 Ind. 414, the court below had instructed the jury that " The judgment plaintiffs are chargeable with notice of all irregularities in a sheriff's sale, and the grantees of the judgment plaintiffs can take no greater title or right in the property sold at sheriff's sale than was acquired by the judgment plaintiffs by virtue of said sale." This court held that the foregoing instruction was wrong, and that if such a purchaser at the sheriff's sale, after obtaining his deed from the sheriff, should convey the land for a valuable consideration, without notice, his grantees might become innocent purchasers, and thus take a better title than he had. The complaint, therefore, stated no cause of action against the defendant, Susan Nelson.

Upon the claim alleged against the defendant Chambers, who was the execution plaintiff and also the purchaser at the exe-

cution sale, it may be observed that, in some cases, a sale of the entire property is indispensable; as, for example, where a single lot is subject to a mortgage covering the whole of it, and the equity of redemption is levied upon and is to be sold on execution, subject to the mortgage. The equity of redemption can not be divided and sold in parcels. *Tifft* v. *Barton,* 4 Denio, 171.

And whenever it is doubtful whether the interest levied on is legally susceptible of division, the action of the officer upon such a question, where no fraud, no bad faith, and no abuse of discretion are shown, is conclusive. Thus, in the case of *Wright* v. *Yetts,* 30 Ind. 185, the court said: "Where, as in the case of *Catlett* v. *Gilbert,* 23 Ind. 614, the property sold as an entirety was occupied as two separate parcels, and this fact was known to the sheriff and the purchaser, there can be no serious doubt that the sale can not be sustained, for the express letter of the statute has been disregarded. But where there is no actual division of the property, and the point must be determined by the sheriff, whether or not the same is susceptible of division, a more difficult question is presented, and one requiring the exercise of official discretion. Upon the conclusion reached, the sheriff must base his official action, and unless that action operates as a fraud upon the execution defendant or his creditors, it can not be reviewed by the court. The statute commits to the judgment of the officer the solution of the inquiry whether the property can be divided or not, and upon a reasonable exercise of this judgment the purchaser has a right to rely. Wherever there may be an honest difference of opinion, the conclusion reached by the officer must be final." So in the case of *Bardeus* v. *Huber,* 45 Ind. 235, OSBORN, J., delivering the opinion of the court, said: "We think the provision that 'no more of any real estate shall be offered for sale, than shall be necessary to satisfy the execution, unless the same is not susceptible of division,' requires the sheriff to exercise a sound discretion in offering real estate for sale on execution, where there has been no actual division made, and it is at the

time in one tract or parcel. It is not enough that there may be an honest difference of opinion as to the propriety of a division. But it must be so palpable and clear that the sale should have been in parcels, that a sale without division would operate as a fraud upon the execution defendant, and show that the sale of the whole tract was an abuse of official discretion." And in Freeman on Executions, section 295, we find the following: "But it must be remembered that, with respect to subdividing a large tract into parcels, the officer must exercise his discretion; and when he has honestly done so, his judgment must generally be regarded as conclusive." If such be the law as applicable to any tract of land capable of territorial subdivision, with still stronger reason is it applicable to the case at bar, where the property levied on was an undivided half of a town lot; such an interest is not capable of any territorial subdivision by the sheriff; he had no right to select the one-fourth, or the one-eighth, or any other part of the ground and sell it as part of the undivided interest on which he had levied. He could not tell where, upon partition, the undivided half levied upon would be. If it be suggested that he might have sold the undivided half of the undivided half, or the undivided fourth of the undivided half, or the undivided third of the undivided half, the answer is, that he was called upon to exercise an official discretion under the statute. It is doubtful whether section 466, *supra,* embraces or authorizes any other division than a territorial division; it is doubtful whether the sheriff had any right to subdivide the interest levied on when he could not subdivide the land itself, or locate any part of it, and under such circumstances, the present complaint, which does not show any fraud, or bad faith, or abuse of discretion in the sheriff, but merely avers that the sale was " void because said sheriff did not offer said real estate in parcels," when the lot might have been divided into four lots, eighteen feet front and rear by one hundred and forty-two feet deep, any one of which would have paid the execution and costs, is clearly insufficient; the sheriff had

no right to divide the property into lots at all; he had an undivided interest to sell, and the quantity and location of the land covered by that undivided interest could be ascertained only upon a partition of the lot. But, further, the sheriff's sale in mass instead of in parcels being voidable and not void, the right to have the sale set aside therefor may be waived by parol, *Vilas* v. *Reynolds,* 6 Wis. 214; and may be barred by delay. *Roberts* v. *Fleming,* 53 Ill. 196. Some objection to the sale must be made in a reasonable time, or else some good reason must be shown why such objection was not made in a reasonable time. Where the property sold is subject to redemption within a given time, it has been held that the application to set the sale aside must be made before the expiration of that time, unless some excuse be shown for the delay. In *Raymond* v. *Pauli,* 21 Wis. 538, the court held, that an execution sale of land, in disregard of the law, which requires it to be offered in parcels, is not void, but only voidable at the instance of the party aggrieved. The remedy is, to apply within a reasonable time, and have the sale set aside on that ground. Undoubtedly, a reasonable time must be some time within the period fixed by law for a redemption. If that period be allowed to expire and a deed be executed, the application can not afterwards be made, unless under special circumstances of fraud or mistake, showing some reasonable excuse for the delay. In *Raymond* v. *Holborn,* 23 Wis. 57, the same doctrine is asserted, and the court say that, by making no effort to redeem while the right to redeem existed, the party must be presumed to have acquiesced in the sale.

The present complaint does not show that the plaintiff made any objection to the execution sale, and it shows no reason why such objection was not made, and it does show that the year for redemption expired on the 28th of April, 1873, and that the plaintiff did not commence this suit until afterwards; he waited until the purchaser at the execution sale had obtained his deed and had made a deed to his co-defendant, and the complaint alleges no excuse whatever for the delay. The

rule, requiring the objections to such a sale to be made in a reasonable time, has been adopted generally in those States which hold such a sale to be voidable and not void. *San Francisco* v. *Pixley*, 21 Cal. 56; *Cunningham* v. *Cassidy*, 17 N. Y. 276; and see the cases cited in Freeman on Executions, section 296.

We think the complaint contained no cause of action against either of the defendants, and that the court erred in overruling the demurrer thereto; and for this error the judgment of the court below ought to be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to sustain the demurrer to the complaint.