*MACDONOUGH vs. ELAM & AL.*

A sheriff cannot sell an undivided part of a defendant's property, but must sell a distinct portion and then another until he has raised a sufficient sum.

APPEAL from the court of the first district.

The plaintiff obtained an order of seizure and sale, on certain lots of ground in the town of McDonough, upon which he had a mortgage. The sale was opposed by Mooney, who set up title in himself as having purchased the lots when sold by the state for taxes. In support of his claim, he produced in evidence a deed from the treasurer by which it appeared, that he had purchased all the right which the defendants had to certain lots *in the parish of Jefferson*, but there was no evidence that the lots claimed by the opposer, formed any part of those described in, and seized, under the plaintiffs mortgage. The court below dismissed the opposition, and the intervening party appealed.

*Nixon* and *Preston*, for appellant.

*McCaleb*, for appellee.

MARTIN, J. delivered the opinion of the court. The plaintiff or mortgage creditor of the defendants, obtained distinct writs of

Eastern District.
*June*, 1830.

MACDONOUGH
*vs.*
ELAM & AL.

seizure and sale. Mooney obtained writs of injunction, on the ground that he had bought part of the premises at a treasurer's sale, for the collection of taxes. The cases were consolidated; judgment was given against the intervening party, and he appealed.

He claimed title under two deeds, for *twelve town lots in the parish of Jefferson*, in each one. It was admitted, that one of the defendants was the vendee of the appellee, for twenty-four, and the other for thirty-six lots, in the town of McDonough, in the parish of Jefferson, and that the lots sold by the sheriff made part of those sold by the plaintiff.

The appellant's counsel urges that his client had bought one undivided half of the twenty-four lots owned by one of the defendants, and one undivided third of the thirty-six owned by the other.

The appellee cannot be prevented from proceeding to the sale of the mortgaged property or part thereof, unless it be shown that there has been a legal alienation.

It is not pretended that there was a voluntary one.

A forced one can have no effect, unless it has been made according to law.

We are not acquainted with any difference between a forced sale for taxes, and one under a *fi. fa.* except the mode and period of advertising, and the form of the deed.

A sheriff must seize the property he sells, and have it ready to show, or point out to the purchaser that he may possess himself of it, if it be susceptible of actual possession. He cannot sell an undivided part of the defendant's property or chattel or piece of land. For many a purchaser would be deterred from buying that of which he could not obtain the possession without entering into a contract, or instituting a law suit, and the defendant, though he must submit to have a determinate and specific part of his property taken away cannot be compelled to have a co-owner unnecessarily and gratuitously imposed on him, with whom he must have a voluntary or legal partition.

*A sheriff cannot sell an undivided part of a defendant's property, but must sell a distinct portion and then another until he has raised a sufficient sum.*

In the present case less than ten dollars were due by one of the parties and———— by the other, he therefore should have begun by selling one lot and then another, till he had raised a sufficient sum, or at least put up one determinate square, without selling at once, twelve indefinite lots.

Surely, if a man has twenty negroes on whom taxes are due, and one of these may be taken and sold—and more if necessary: but the sale of one twentieth of all the slaves, would likely be productive of unnecessary sacrifice to the owner, and trouble to him and the purchasers.

He who sells his own property, may do so in any manner which will be agreed on by a vendee, but an officer who makes a forced sale has no right to carve out any particular estate unnecessarily and gratuitously, without the consent of the owner.

We conclude that the sale made by the treasurer, was irregular, and did we doubt the defendant's title to any specific part of the property, nothing prevents the plaintiff from proceeding with his writ of seizure.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.