AUSTIN CORBIN V. HARRISON INSLEE.

1. TAX SALE, *Invalid.* Under the provisions of the law tax of 1868, (Gen. Stat. ch. 107,) the sale of an undivided interest in real estate for delinquent taxes and charges, is invalid. ·

2. TAX DEED, *Invalid.* A tax deed which shows the sale of an undivided interest in real estate in May, 1872, for tax of 1871, is void upon its face, and passes no title to the purchaser.

*Error from Linn District Court.*

ACTION brought by *Corbin* against *Inslee,* to quiet title to certain lands in Linn county. Trial at the July Term, 1878, of the district court, and judgment for the defendant. The plaintiff brings the case to this court.

*Gillett & Forde,* for plaintiff in error.

The defendant's demurrer raises the question whether an undivided interest in land can properly be assessed for taxation; and if the taxes remain delinquent, whether it can be sold for such delinquent taxes.

The description in the present case is equal to a description of an undivided interest in the land. Suppose, for instance, these four lots contain, in all, one hundred acres: this description, then, amounts to eighty-nine one-hundredths (89-100), and is assessed and sold as all there is in those lots, except an undivided eleven acres, which is equivalent to eleven one-hundredths (11-100). Then all that passes by this tax deed is an undivided eighty-nine one-hundredths (89-100) of said lots. We think this description differs entirely from those which describe a tract as so many acres in a quarter-section. Such descriptions are held by all the authorities to be void for uncertainty.

But in the case at hand, we think it is a pertinent, fair, clear and certain description by which a title passes to all the lots, except an undivided eleven acres therein. It is true, the description does not show just how many acres these lots con-

tain, but it is a matter of proof, *aliunde.* The patent would show it; the entry-papers would show it; the United States survey would show it; and when shown, the exact interest represented by these undivided eleven acres is made, clear and certain in undivided acres, and the tract, except the undivided eleven acres, is made equally certain.

If the lots contain eighty acres, the residue, after excepting the undivided eleven acres, would be sixty-nine, and the interest conveyed by the tax deed would, in other words, be expressed as an undivided sixty-nine eightieths of the lots.

These proceedings occurred under the tax law of 1868. (§§ 32, 80, 100, 101.) Now, it is true that in providing for assessment, &c., it uses the expression "parcel of real property." And it may be argued that this phrase excludes the idea of an undivided interest being assessed at all, as the expression "parcel of real estate" includes all the undivided interests contained in it. But this, we think, is too strict a construction, because, in this event, the undivided interest could not be assessed; and if not assessed, we can see no escape from the conclusion that an owner of an undivided interest cannot pay taxes on his interest alone, but only on the whole tract— on his own interest and on all the other interests. It is contrary to the policy of the law to impose upon the owner of an interest in real property such a burden, and a construction which leads to such a result is, we think, unsound. Then, §§ 100 and 101 referred to herein, provide expressly for the redemption of any interest therein, without redeeming the whole tract; and the same policy of the law which authorizes the redemption after sale of an undivided interest, would authorize the payment of a tax on an undivided interest before it was sold; and if it might be paid on separately, and redeemed separately, we can see no valid reason why each undivided interest may not be separately assessed. The statute nowhere prohibits such assessment, and we cannot see that such an assessment could, by any possibility, work any harm or injury to the owner of such undivided interest. But, if such assessment should be irregular, which we do not believe,

still the irregularity would be a *mere irregularity*, which could, by no possibility, impair any rights of the owner. Any such irregularities count for nothing against Kansas tax deeds. (See also § 113, General Tax Law, 1868.)

*C. O. French*, for defendant in error:

The plaintiff seeks a decree quieting his supposed title to lands described in his tax deed as "Lots 1, 2, 3 and 4 of section 13, township 23, range 24, except undivided 11 acres." The contention of the defendant is, that the deed is void for uncertainty in such description; that in fact it describes nothing. Such undefined and undivided portion of land is not a parcel, lot or tract of real estate. All the proceedings leading up to this deed were under the tax law of 1868. (Gen. Stat. ch. 107.) By that act, "each parcel" of land must be separately listed, (§§ 32, 36, 37.) The listing and assessment must contain "a correct and pertinent description of each parcel of real property," (§ 32,) and of the "quantity" and "value" of "each parcel," (§ 36.) At the tax sale "each parcel" is to be sold, and not an undefined portion of a parcel, (§ 84.) That such a description as is here under discussion is not a "correct and pertinent description," as required by the statute, see Hilliard on Taxation, 336; Blackwell on Tax Titles, 127, *et seq.;* 2 Ohio, 287; 5 id. 457; 6 id. 391; 10 id. 152; 16 id. 24; 11 id. 316; 13 Wis. 641; 5 Blackf. 51; 14 How. 76.

These authorities, with numerous others of like import that might be cited, seem conclusively to settle the law to be that the listing and sale for taxes of an undefined and undivided portion of an entire tract of land is wholly inoperative and void.

In *Comm'rs v. Goddard*, 22 Kas. 389, a description thus, "137 A. of S. E. ¼, sec. 27, town 20, range 12," was held by this court fatally defective and void. That case is not distinguishable in principle from the case at bar. In that case, the fatal defect consisted in the lack of a definite location of the 137 acres in any part of the southeast quarter of sec. 27.

In this case, the fatal defect consists in the lack of a definite location of the excepted eleven acres in any part of the lots enumerated. The eleven acres not sold being unlocated, the remainder of the tract, sought to be sold, is likewise unlocated, and the adjudication in *Comm'rs v. Goddard* is decisive of this case.

It is claimed by plaintiff in error that the case may be regarded as the sale of an undivided interest in the tract. To this there are two conclusive answers. First, the proposition is entirely unsupported by the language of the deed; and second, there is no authority of law to tax or sell an *interest* in land as distinguished from the land *in specie*. The sale recited is of the *lots*, except eleven acres, not an interest in the lots. But if it were a sale of an undivided interest, instead of undivided acres, what was the extent of the interest? The deed does not pretend to state. Indeed, the deed does not give the number of acres in the tract; but even if it did, it still would not show the extent of the interest supposed to be sold, for in the separation of interests among tenants-in-common the apportionment is not of *acres* in numerical proportion to interests, but of *portions in value* according to proportionate interests.

It would be absurd to expect or require taxing officers to ascertain and tax severally the individual and complicated interests of joint tenants and tenants-in-common. The law neither requires nor allows any such thing.

In the sale of lands for taxes, the person offering to pay the taxes and charges for the smallest quantity of land in a square form in the "northeast corner of the tract," shall be "the purchaser of such *quantity located* as aforesaid," (Tax Law, §85.) There is no "northeast corner" of an undivided interest in land.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to quiet title to certain lands in Linn county. Plaintiff based his title on a tax deed, .

which described the lands as "lots 1, 2, 3 and 4, section 13, in township 23, range 24, except undivided 11 acres." The tax sale was had on May 8th, 1872, for the tax of 1871. All the proceedings, including the deed, were under the tax law of 1868. (Gen. Stat., ch. 107.) A demurrer was interposed by the defendant to the petition. The court held that the tax deed was insufficient on its face to pass title to the plaintiff, and therefore sustained the demurrer. The contention is over the description of the land in the deed. Defendant claims that the deed does not contain a correct and pertinent description as is required by the statute, and refers to *Commissioners v. Goddard*, 22 Kas. 389.

Plaintiff urges in opposition to this view, that the deed shows the assessment and sale of an undivided interest. It is doubtful whether the deed states anything more than the sale of an undivided portion of the real estate, but if it can be upheld at all, it must be on the assessment and sale of an undivided interest. We assume, therefore, that the question is raised, whether an undivided interest in land can be legally assessed for taxation under the statutes of 1868; and if the taxes remain delinquent on such undivided interest, whether it can be sold for the delinquent taxes? It is well settled that the officers who exercise the power of assessing and selling land for taxes, can exercise no implied power whatever. The statute regulating assessments of land and tax sales is not ambiguous on this subject. By the statute of 1868, each parcel of land must be separately listed. (Secs. 32, 36 and 37.) The listing and assessment must contain a "correct and pertinent description of each parcel of real property," (§ 32,) and of the "quantity" and "value" of each parcel, (§ 36.) All lands and town lots subject to sale for taxes shall be published in some newspaper for four consecutive weeks prior to the day of sale, and such lands and town lots shall be described in the publication as the same are described on the tax roll, and such publication shall state that so much of each tract of land or town lot, described in the list, as may be

necessary for that purpose, will be sold at public auction for the taxes and charges thereon. (Secs. 81 and 82.) Sec. 84 reads as follows:

" On the day designated in the notice of sale, the county treasurer shall commence the sale of those lands and town lots on which the taxes and charges have not been paid, and shall continue the same from day to day, Sundays excepted, until each parcel or so much of each parcel shall be sold as shall be sufficient to pay the taxes and charges thereon, including the costs of advertising and the fees for selling."

Sec. 85 provides: .

" The person at such sale offering to pay the taxes and charges against any one piece or parcel of land for the smallest quantity of land in a square, as nearly as practicable, off from the northeast corner of the tract or piece of land, shall be the purchaser of such quantity, located as aforesaid."

Section 86 further provides:

" If no one will bid for a less quantity than the whole, the treasurer may sell any tract or piece of land to anyone who will take the whole of such tract or piece of land and pay the taxes and charges thereon."

Clearly, these sections neither require nor provide for the assessment or sale of undivided interests. On the other hand, these sections distinctly set forth the listing and advertising of land in separate parcels, and that the sale shall be of the smallest quantity of land in a square, as nearly as practicable, off from the northeast corner of the tract or piece of land, to pay the taxes and charges. In case no one bids for a less quantity than the whole, the treasurer may sell the tract or piece, to anyone who will take the whole of the tract or piece, for all the taxes and charges. In *Hall's Heirs v. Dodge*, 18 Kas. 277, we held that a tax deed which shows upon its face that two or more separate and distinct tracts of land were sold together is void upon its face. This conclusion was reached because such a sale is not authorized by the statute, and is in violation of its letter and spirit. So, likewise, in the present action, we think a similar result must be obtained. No statute makes any provision for the sale of an undivided interest,

and it fails to point out the *modus operandi* whereby such a sale may be effected. There is no northeast corner of an undivided interest in land, and yet the statute is emphatic in requiring that the person offering to pay the taxes and charges against any one piece or parcel of land, for the smallest quantity, in a square off from the. northeast corner, shall be the purchaser. If an undivided one-third were offered for sale by the treasurer, how could competitive bidders make intelligent bids therefor, and in what manner could the treasurer sell to the successful purchaser a square of the land off from the northeast corner? These inquiries help to suggest the fallacy of the argument of the plaintiff. As the statute makes no provision for a sale of an undivided interest for taxes, the officer had no authority to sell an undivided part of the land. Having no authority to make the sale, the deed is void upon its face, and passed no title to the plaintiff.

Counsel for plaintiff refers to § 100, ch. 107, Gen. Stat. 1868, which provides, that any owner, etc., may, etc., redeem any land or town lot, or any part thereof, or any interest therein, and § 101, which provides the same as to lands of minors, and attempts to argue therefrom that it is the policy of the law to permit the payment of taxes on an undivided interest in land before sale, as well as after a sale. Such is not the statute. Secs. 100 and 101 are only applicable after a sale has been made.

We have examined the various decisions of other states in regard to the sale of undivided shares in land for delinquent taxes, but so far as we can discern, those that assert a contrary doctrine to the one herein announced are based upon local statutes, differing essentially from ours. Several states provide by statute that the tenant-in-common, or part owner, be allowed to pay in his part, ( 23 N. Y. 438; ) others make provision by statute to assess and sell land by undivided interests. (*Renkendorf v. Taylor's Lessee,* 4 Pet. 349, 362; *Wells v. Burbank,* 17 N. Y. 393; *Payne v. Dooley,* 18 Ark. 491.) But these authorities have no application to our stat-

ute, and therefore the ruling and judgment of the district court will be affirmed.

BREWER, J., concurring.

VALENTINE, J.: I think that the county treasurer has power to sell an undivided interest in land for delinquent taxes.