## HORATIO PRITCHARD v. AGNES MADREN.

1. FINDINGS *Considered as Sustained.* Where a case has been tried by the court without a jury, and the findings of fact have all been preserved and brought to the supreme court, but the evidence has not, the findings of fact as made by the court must be considered as sufficiently sustained by the evidence.

2. JUDGMENT, *Modified; Right to Land, Unimpaired; Res Adjudicata.* An action was brought by the board of county commissioners of Greenwood county, in pursuance of chapter 39 of the Laws of 1877, page 69, *et seq.,* against the land in controversy, and other lands, to foreclose certain alleged tax liens thereon, and to sell the property for the taxes alleged to be due thereon. A judgment was rendered against the property in controversy, and the same was sold at sheriff's sale to Greenwood county, and the sale was confirmed by the court. Afterward the board of county commissioners of Greenwood county sold and conveyed the same to M., and afterward M. sold and conveyed the same to the present plaintiff, who was an innocent and *bona fide* purchaser for value. Afterward the plaintiff commenced the present action of ejectment against P., the original owner of the property, to recover the same. Afterward P. filed a motion, under § 77 of the civil code, in the district court, to open up the judgment rendered in the case of the board of county commissioners against the land in controversy, which motion was finally sustained, and a new trial was granted, which resulted in modifying the judgment previously rendered in the case by merely reducing the amount thereof. In no other respect was the judgment disturbed. *Held,* That the fact of such judgment being modified did not disturb or impair the right of the plaintiff to the land in controversy. (Code, §§ 77, 467; *Howard v. Entreken,* 24 Kas., 428.) And *further held,* That the defendant P. cannot litigate in this action any question with reference to irregularities in the tax proceedings; for all these matters must be considered as having been settled in the action of the board of county commissioners of Greenwood county against the land in controversy, and as having become *res adjudicata.*

3. ———— The court permitted the plaintiff to introduce a certain record in evidence: *Held,* That if it proved any material fact in the case, it

was rightfully admitted; but if it did not prove anything in the case, then no harm was done.

4. VOIDABLE JUDGMENT; *No Collateral Attack.* The court permitted the plaintiff to introduce in evidence the sheriff's deed to Greenwood county for the land in controversy, which sheriff's deed, by its recitals, seemed to show, first, that the judgment against the land in controversy and other lands was rendered in gross and for a gross sum, when it should have been rendered against each tract of land separately; second, that the sale was made in the lump and for a gross sum, when it should have been a separate sale of each separate tract. Now, conceding that the sheriff's deed does so show, still it does not show that either the judgment or the sale was void, but at most merely shows that the judgment and sale were irregular and voidable; and being only irregular and voidable, they cannot be attacked collaterally in this action.

5. PAROL EVIDENCE, *Properly Excluded.* The record in the case of the board of county commissioners of Greenwood county against the land in controversy, showed that the land was duly appraised before it was offered for sale by the sheriff, but the defendant nevertheless offered to prove on the trial by parol evidence, that the land was not so appraised. The court refused to permit the evidence to be introduced. *Held,* Not error.

6. SHERIFF'S DEED, *How Treated.* Some general remarks made with reference to chapter 39 of the Laws of 1877, and with reference to the rights of parties thereunder; and *held,* that the action given by said chapter must be considered in the same way in which other actions are considered, and that a sheriff's deed made in pursuance of such chapter must be treated as other sheriff's deeds, and not as tax deeds, and must be held to be void only where sheriff's deeds in other cases and under like circumstances would be held to be void.

## *Error from Greenwood District Court.*

ACTION in the nature of ejectment, brought by *Agnes Madren* against *Horatio Pritchard,* in the district court of Greenwood county, to recover the south half of the north half of the southwest quarter of section 12, in township 22, of range 11, in said county. The case was tried before the court without a jury, at the May Term, 1882, and the court made the following findings of fact, to wit:

"1. August 1, 1860, Benoni Pritchard received a patent from the United States for the S.W.$\frac{1}{4}$ of section 12, T.22, R.11, in Greenwood county, Kansas.

"2. January 15, 1870, said Benoni Pritchard and his

wife Margaret made a will, by the terms of which they devised the N.$\frac{1}{2}$ of the S.W.$\frac{1}{4}$ 12–22–11 to their children, J. L. Pritchard and Narcissa Pritchard, jointly, which will was duly proven and probated after the death of said Benoni Pritchard, who died January 30, 1870.

"3. During the year 1872, the said J. L. Pritchard and Narcissa Pritchard went into possession of and occupied the said N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ 12–22–11, under said will, each having and owning the undivided half thereof.

"4. In 1872, the said N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ was duly and legally assessed for taxation in the name of Margaret Pritchard, and on the 6th day of May, 1873, was duly sold for the tax of 1872, said tax then being unpaid and delinquent, and, in default of other bidders, was stricken off to Greenwood county, for the amount of tax and charges due thereon, viz.: $11.65.

"5. In 1873, the said N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ was again duly assessed for taxation for that year, and in the said name and description as in 1872, and the amount of tax, penalty and costs carried back and added to the sale of 1873, as provided by law.

"6. In 1874 said land was duly assessed for taxation in separate descriptions, as follows: The N.$\frac{1}{2}$ of the N.$\frac{1}{2}$ and the S.$\frac{1}{2}$ of the N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ 12–22–11, and so placed on the tax-rolls of that year.

"7. In 1874 the taxes of 1873 were paid.

"8. October 24, 1874, said Narcissa Pritchard, then Narcissa Bush, and her husband J. W. Bush, conveyed the undivided one-half of the S.$\frac{1}{2}$ of the N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ to J. L. Pritchard, aforesaid.

"9. December 5, 1874, said J. W. Bush redeemed the undivided one-half of the said N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ 12–22–11.

"10. February 13, 1875, the said J. L. Pritchard paid the first half of the tax of 1874 on the said S.$\frac{1}{2}$ of the N.$\frac{1}{2}$ and also on the said N.$\frac{1}{2}$ of the N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$, and on said day sold and conveyed the said south half of the N.$\frac{1}{2}$ of said S.W.$\frac{1}{4}$ to Horatio Pritchard, the defendant herein, who has ever since been, and at the commencement of this action was, and now is, in the possession thereof and claiming to be the owner thereof.

"11. Oct. 3, 1877, the board of county commissioners of Greenwood county, Kansas, commenced an action in the district court of said county, under chapter 39, Session Laws of 1877 of this state, for the sale of the said S.$\frac{1}{2}$ of the N.$\frac{1}{2}$ of

said S.W.¼ section 12, T.22, R.11, at judicial sale, for the collection of the taxes, interest and penalty thereon, and on said day filed in said court under said chapter, their petition entitled 'The Board of County Commissioners of Greenwood County v. The Northwest Quarter of Section 3, in Township 22, Range 10, and other property, and William J. Foster, Joseph Hall, J. W. Tilton, and others unknown, and all persons claiming or having an interest therein.' And as part of said petition, and filed therewith, was an exhibit, in which the said S.½ of the N.½ of the said S.W.¼ 12–22–11 was described as the property of Margaret Pritchard, and the notice prescribed and required by said chapter 39, Laws of 1877, was duly published.

"12. At the May term, 1878, of the court, judgment was rendered by said district court in said cause, in which it was adjudged that the said S.½ of the N.½ of said S.W.¼ 12–22–11, was the property of said Margaret Pritchard, and judgment was rendered against said tract of land for the taxes, interest and penalties thereon, amounting to the sum of $66.47, and for costs, taxed at $2.95; and it was ordered by said court that said tract of land be sold according to the provision of said law for the satisfaction of said judgment and the costs of said proceeding and sale, and that the overplus, if any, be paid to said owner. The accrued costs on said judgment amount to $10.15, and the interest thereon up to the sale next hereinafter mentioned amounts to $3.30.

"13. Afterward, and in pursuance of said judgment and order, and in full compliance with the provisions of said chapter 39, Laws of 1877, said land was duly appraised, advertised and offered for sale, and no person having bid two-thirds of the appraised value thereof when first offered for sale, said tract was on the next offer for sale thereof, on the 11th day of November, 1878, and in default of other bidders, sold to said Greenwood county for the amount of taxes, penalties, interest, and charges due thereon.

"14. Afterward, on the 23d day of November, 1878, the proceedings of the officer making such sale were duly examined by said district court, and by said court were fully approved and confirmed, and said officer, the sheriff of said county, was thereupon duly ordered and directed by said court to make, execute and deliver to said Greenwood county, the purchaser at said sale, a deed for said tract of land so purchased as aforesaid.

"15. January 1, 1879, the sheriff of said county duly

executed, acknowledged and delivered to the board of county commissioners of Greenwood county, a deed in due form of law to said tract of land, viz., the S. $\frac{1}{2}$ of the N. $\frac{1}{2}$ of the S.W. $\frac{1}{4}$ 12–22–11, in said Greenwood county, Kansas; which deed was duly recorded in the office of the register of deeds in and for said county, on the 3d day of February, 1879.

"16. February 28, 1879, said Greenwood county duly conveyed said S. $\frac{1}{2}$ of the N. $\frac{1}{2}$ of said S.W. $\frac{1}{4}$ 12–22–11, by its deed of general warranty of that date, to Matthias Madren, his heirs and assigns, in consideration of the sum of $24, by said Madren paid to said county; which deed was duly executed by the chairman of said board of county commissioners of said county, and was so executed on the order of said board, which deed was recorded in the office of the register of deeds in and for said county, on the 3d day of March, 1879.

"17. June 2, 1879, said Matthias Madren, by his deed with full covenants of warranty of that date, duly executed, acknowledged, delivered and conveyed to Agnes Seward, her heirs and assigns, said last above described tract of land, in consideration of the sum of $1,000, said Madren then being a single man and the said Seward an unmarried woman. Said deed was duly recorded in the office of the register of deeds in and for said county, on the 15th day of January, 1880.

"18. After the execution and delivery of the last-mentioned deed, and on the 2d day of June, 1879, said Madren and said Agnes Seward were married to each other, and ever since have been, and now are, husband and wife, she being the plaintiff herein.

"19. July 19, 1879, said Horatio Pritchard, defendant herein, commenced an action in this court to quiet his title to the lands in controversy herein, against the title of the plaintiff herein, in which action said Horatio Pritchard was plaintiff and said Matthias Madren was defendant; that the only issue in said cause was as to who had title to said land; which action was tried in this court at the November term, 1879; and to support his claim to said land, said Pritchard introduced and proved the facts found in the 1st, 2d, 3d, and 8th conclusions of fact herein, and the conveyance to himself and possession of said land as mentioned and found in the 10th conclusion of fact herein. And the said Madren, to show his title thereto, introduced and proved the facts found in the 11th, 12th, 13th, 14th, 15th and 16th conclusions of fact

herein. And said cause having been so tried, judgment was duly rendered thereon at said term against said Pritchard and in favor of said Madren, for costs. Afterward said Pritchard filed his petition in error in the supreme court to have said judgment reversed, and at the July term of said court, 1880, said judgment was duly affirmed.

"20. The use and occupation of said land since its purchase by said Agnes Madren on June 2, 1879, has been reasonably worth the sum of $2.50 per acre per year.

"21. May 10, 1881, said Horatio Pritchard, defendant herein, filed in this court his application under §77 of the code of civil procedure, and at the December term of this court, 1881, he was permitted to file his answer and make defense in the case of The Board of County Commissioners of Greenwood county, Kansas, v. The Northwest Quarter of Section 3, etc., mentioned in the 11th conclusion of fact herein, and upon the final hearing of said defense, the judgment in said cause was modified so far as it related to the land in controversy herein, reducing the amount thereof rendered against said land for taxes, interest and penalties thereon, from the sum of $66.47 to the sum of $26.22."

On the foregoing facts the court made the following conclusions of law, to wit:

"1. The plaintiff was, at the commencement of this action, and has been ever since the 2d day of June, 1879, and now is, the owner in fee simple of the lands in controversy, viz.: The south half of the north half of the southwest quarter of section 12, township 22, range 11, in Greenwood county, Kansas; and ever since said second day of June, 1879, she has been entitled to the possession thereof.

"2. The defendant, Horatio Pritchard, has unlawfully detained and kept the said plaintiff out of the possession of said land ever since said second day of June, 1879, and the said plaintiff has been damaged thereby in the sum of $300.

"3. The plaintiff is entitled to judgment against said· defendant, adjudging her, the plaintiff, to be the owner of said land, and for the recovery of the possession thereof, and for said damages, and costs of suit."

Upon these findings and conclusions, the court rendered judgment in favor of the plaintiff and against the defendant, for the recovery of the premises, and for $300 damages, and

costs. To reverse this judgment, the defendant brings the case to this court.

*Almerin Gillett,* for plaintiff in error.

*Scott & Lynn,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by Agnes Madren against Horatio Pritchard, in the district court of Greenwood county, Kansas, to recover the south half of the north half of the southwest quarter of section 12, in township 22, of range 11, in said county. The case was tried before the court without a jury, and the court made certain findings and conclusions; and thereon rendered judgment in favor of the plaintiff and against the defendant for the recovery of the property, and for $300 damages, and for costs.

To reverse this judgment, the defendant brings the case to this court.

The plaintiff in error, defendant below, claims that the court below erred in several particulars. He claims: 1st, that the findings of fact are not sustained by sufficient evidence; 2d, that the conclusions of law and the judgment are not sustained by the findings of fact; 3d, that the court below erred in admitting in evidence the record of the case of Pritchard *v.* Madren; 4th, that the court below erred in admitting in evidence the sheriff's deed to Greenwood county; 5th, that the court below erred in excluding certain parol evidence tending to show that the land conveyed by said sheriff's deed, which is the land in controversy, had never in fact been appraised.

I. The findings of fact have all been preserved and brought to this court, but the evidence has not; hence the findings of fact, as made by the court below, must be considered as sufficiently sustained by the evidence.

II. It appears from the findings of fact, that the plaintiff, Pritchard, holds title to the property in controversy from the

original patentee, down through intermediate owners to himself, and that he and his grantors have been in the possession of the property since 1872. Hence, unless his title is defeated or overthrown by the other facts of the case, it must be held that he is the owner of the property in controversy; that he holds the paramount title thereto; and that he is entitled to recover in this action. Among the other facts of the case as found by the court below, are the following: On October 3, 1877, the board of county commissioners of Greenwood county, Kansas, in pursuance of chapter 39, of the Laws of 1877, page 69, *et seq.*, commenced an action in the district court of said county against the property in controversy, along with other property, to foreclose certain alleged tax liens thereon, and to sell the property for the taxes alleged to be due thereon. The property in controversy was described as belonging to Margaret Pritchard. Service of summons was made by publication. At the May term of the court in 1878, judgment was rendered against the property in controversy for the taxes, interest and penalties then due thereon, amounting in the aggregate to the sum of $66.47 and costs, and the property was ordered to be sold for the payment of such judgment and costs. Afterward, on November 11, 1878, in pursuance of such judgment and the law, the property was in fact sold at sheriff's sale to the county of Greenwood, and the sale was afterward, on November 23, 1878, confirmed by the court; and on January 1, 1879, a sheriff's deed was duly executed to the county, in pursuance of such sale. This deed was duly recorded on February 3, 1879. On February 28, 1879, the county, in consideration of $24, sold and conveyed by deed of general warranty the property in controversy, to Matthias Madren; and this deed was recorded March 3, 1879. On June 2, 1879, Madren, in consideration of $1,000, sold and conveyed by deed of general warranty, the property in controversy to Agnes Seward. Afterward, and on the same day, Madren and Agnes Seward were married, and became husband and wife. On July 19, 1879, Pritchard commenced an action against Madren to quiet his (Pritchard's) title to the property

in controversy; and at the November term of the court in
1879, judgment was rendered in favor of Madren and against
Pritchard for costs. On January 15, 1880, the deed from Ma-
dren to Agnes Seward was duly recorded. On May 13, 1880,
the case of Pritchard *v.* Madren was taken to the supreme
court, where, at the July term of the supreme court in 1880,
the judgment of the district court was affirmed. (*Pritchard
v. Madren,* 24 Kas. 486.) On January 26, 1881, this pres-
ent action of ejectment was commenced by Agnes Madren,
formerly Agnes Seward, against Pritchard. On May 10,
1881, Pritchard filed a motion under § 77 of the civil code,
to open up the judgment rendered in the case of the board
of county commissioners of Greenwood county against the
property in controversy, which motion was at first overruled;
but finally, after the case had been taken to the supreme court,
(*Pritchard v. Comm'rs of Greenwood Co.,* 26 Kas. 585,) and
the order of the district court overruling the motion reversed,
the motion was conditionally allowed, and a new trial was
had, which new trial resulted in modifying the former judg-
ment in the case, by reducing the amount thereof from $66.47
to $26.22. In no other respect was the former judgment in
the case disturbed. The judgment as thus modified seems
to be still in force, unpaid and unsatisfied. On May 19, 1882,
the judgment in this present ejectment case was rendered as
aforesaid in favor of Mrs. Madren and against Pritchard; and
this is the judgment which Pritchard, as plaintiff in error,
now seeks to have reversed.

Upon the facts of the case as found by the court below, we
think the judgment is correct. From such facts, it appears
that the court in the case of the board of county commissioners
against the land in controversy, had ample jurisdiction of the
subject-matter of the action, and sufficient jurisdiction of all the
parties interested therein; and that all the proceedings had in
such action from its commencement down to and including the
final execution of the sheriff's deed, were sufficiently regular and
valid to render such proceedings invulnerable to any collat-
eral attack in any collateral proceeding; and the property in

controversy has gone into the hands of an innocent purchaser.
Nearly all the questions arising upon the foregoing facts have
already been adjudicated and settled by the decisions of this
court, above cited. It appears that on the second trial in the
case of Pritchard against the commissioners of Greenwood
county, or, rather the commissoners against Pritchard and the
land in controversy, the judgment was reduced from $66.47
to $26.22; but this modification of the original judgment
certainly cannot have the force or effect to destroy the title to
the property already vested in Mrs. Madren. (See §§ 77 and
467 of the Civil Code; *Howard v. Entreken,* 24 Kas. 428;
Rorer on Judicial Sales, § 132; Freeman on Executions, § 345.)
These sections of the statute and this decision we think are
conclusive upon the subject. Mrs. Madren purchased the
property in controversy in good faith, paying therefor the
sum of $1,000, upon the faith of a judgment of a court of
competent jurisdiction; and this at a time when it does not
appear that any question had ever been raised with regard to
the validity or regularity of the judgment, or with respect to
the title to property founded upon such judgment.

It is claimed, however, by the plaintiff in error, defendant
below, that the findings of fact show that there were some
irregularities in the original tax proceedings. Now even if
there were any such irregularities in the original tax proceed-
ings, still they were matters for consideration and adjudica-
tion in the case of the board of county commissioners against
the property in controversy, and should have been adjusted
in that case. But whether they were adjusted in that case
or not, they cannot now be brought forward for the purpose
of being litigated in this case, or for the purpose of defeating
or annulling the judgment rendered in that case, or for the
purpose of destroying the fruits of that judgment. The prin-
cipal supposed irregularity mentioned by the plaintiff in er-
ror, defendant below, is with reference to the redemption of
an *undivided half* of the north half of a piece of land which
includes the land in controversy, when in fact the *whole* of
such piece of land was taxed *in gross* and sold *in gross.* Upon

this subject, see § 100 of the tax law of 1868, and § 127 of the present tax law, and the case of *Corbin v. Inslee,* 24 Kas. 160. Under these sections and this decision, we think the supposed irregularity hardly amounts to an irregularity; indeed, it does not amount to an irregularity at all. But even if there had been irregularities in the tax proceedings, still the plaintiff in error, defendant below, cannot litigate them in this action, for all these matters must be considered as having been settled in the action of the board of county commissioners against the land in controversy, and as having become *res adjudicata.*

III. No material error was committed in admitting in evidence the record of the case of Pritchard *v.* Madren. If it proved any material fact in the case, then it was rightfully admitted; for no question was then, or is now, raised with regard to the preliminary proof authorizing its admission; but if it did not prove anything in the case, then no harm was done. In this connection, defendant in error cites: *Parrish v. Ferris,* 67 U. S. (2 Black), 606; *Stark v. Stark,* 1 Sawyer (U. S. C. C.), 270, 275; and Freeman on Judgments, § 309. These authorities were cited by the defendant in error upon the theory that the matters and things in issue in the present case were litigated in the case of Pritchard against Madren, and therefore that such matters and things had become *res adjudicata* prior to the commencement of this action. Upon this question we express no opinion.

IV. The plaintiff in error, defendant below, claims that the court below erred in admitting in evidence the said sheriff's deed; and this he does for two reasons: (1) The judgment recited in the sheriff's deed appears to be for a sum in gross, when it should have been, as the plaintiff in error claims, a separate judgment for the amount of the taxes, etc., upon each separate tract of land; (2) the sale itself was in gross and in the lump, when it should have been, as the plaintiff in error claims, a separate sale of each separate tract of land.

The sheriff's deed recites, among other things, the following:

"The said plaintiff, the board of county commissioners of Greenwood county, by the consideration of said court, recovered a judgment against the above-described real estate and other property, and said other defendants and others unknown, for the sum of ten thousand and twenty-five and $\frac{25}{100}$ dollars, being the amount of the taxes, interest and penalties assessed thereon and then due, and all costs in and about said action expended, taxed at one hundred and eighty-one and $\frac{75}{100}$ dollars."

Now this seems to indicate that the above-mentioned judgment was in fact, as is claimed by the plaintiff in error, rendered for a sum in gross. Such, however, was not the case, and the foregoing quotation from the sheriff's deed does not conclusively show that such was the case. The judgment was in fact rendered as a separate judgment against each separate tract of land for the taxes, etc., due on each of such separate tracts of land. But suppose the judgment was rendered as the plaintiff in error claims, it would still not be void, for the reason that the court rendering the same had ample jurisdiction of the subject-matter of the action in which such judgment was rendered. The judgment at most would be only irregular and voidable, and could be attacked only by some direct proceeding, and cannot be attacked in the manner in which the plaintiff in error now seeks to attack it. The judgment, however, was in fact regular, and was not rendered in the manner in which the above quotation from the sheriff's deed would seem to indicate. This point, therefore, we think is not well taken.

The plaintiff in error, defendant below, also claims that the sale was void because it was a sale in the lump of several separate and distinct tracts of land. The sheriff's deed upon this subject recites, among other things, the following:

"And whereas, on the said 11th day of November, 1878, at 10 o'clock A. M. of said day, at the court-house door aforesaid, the said sheriff did offer the said lands and tenements, to wit: [Here a great many pieces of land, including the land in controversy, are described,] for sale; and whereas no person did bid two-thirds of the appraised value of said lands and tenements, the said sheriff did sell the same to Green-

4—31 KAS.

wood county for the sum of ten thousand eight hundred and sixty-one and $\frac{93}{100}$ dollars, said sum being not less than the amount of the taxes, penalties, interest and charges thereon, and no person having offered a higher price therefor."

This would seem to indicate that the sale was made in the lump, although it is our understanding that the sale was in fact made of each particular tract of land. For the purposes, however, of this sheriff's deed, we shall consider that the sale was in fact made in bulk: and then is the deed void? The great weight of authority would seem to be that neither the deed nor the sale is void, but at most only voidable; and that in order to defeat either the sale or the deed, it must be attacked by some direct and appropriate proceeding. (See *Johnson v. Hovey,* 9 Kas. 65; *Paine v. Spratley,* 5 id. 525; *Bunker v. Rand,* 19 Wis. 271; *Raymond v. Pauli,* 21 id. 531; *Raymond v. Holborn,* 23 id. 57; *Tillman v. Jackson,* 1 Minn. 183; *San Francisco v. Pixley,* 21 Cal. 56; *Williams v. Allison,* 33 Iowa, 279; *Cunningham v. Cassidy,* 17 N. Y. 276; *Mohawk Bank v. Atwater,* 2 Paige's Ch. 54; *Van Valkenburg v. Trustees,* 66 Ill. 103; *Evans v. Wilder,* 5 Mo. 313; *Rector v. Hartt,* 8 id. 448; *Winters v. Heirs, &c.,* 6 Coldw. 328.)

In Michigan and Indiana, the decisions are the other way under local statutes, though the following decisions in Indiana are in accordance with the general rule: *West v. Cooper,* 19 Ind. 1; *Patten v. Stewart,* 19 id. 233. See also upon this subject, Freeman on Executions, § 296; Rorer on Judicial Sales, § 749, *et seq.*

The proper way to attack a sheriff's sale for irregularities is by motion, in the same case and before confirmation of the sale, to set aside the sale. There may be other proper modes of defeating irregular sheriffs' sales and sheriffs' deeds, but we do not think it is necessary now to refer to them. We shall refer to this subject hereafter.

V. The plaintiff in error, defendant below, also claims that the court below erred in excluding certain parol evidence tending to prove that the land in controversy was not appraised before it was sold at sheriff's sale. On the trial, he

first offered to prove that the land in controversy had not been appraised upon actual view; and secondly, he offered to prove that the appraisers, through a mistake, appraised a tract of land immediately south of the land in controversy, and did not appraise the land in controversy at all. The court refused to permit the plaintiff in error, defendant below, to introduce this kind of evidence, and this he claims was error. The record of the case in which the sheriff's deed was executed, shows that the property was in fact appraised, and duly appraised, by the appraisers upon actual view. Now can the plaintiff in error, defendant below, in this collateral proceeding, and by parol evidence, show that this record was not true? Can he show it after the sale has been made and confirmed; after a sheriff's deed has been executed; and after the property has gone into the hands of an innocent purchaser—and all this in a collateral proceeding? Under the authorities, we think this question must be answered in the negative. (*Paine v. Spratley*, 5 Kas. 525; Freeman on Executions, §§ 311 and 343; Rorer on Judicial Sales, § 1059.)

VI. We now wish to make some general remarks upon the questions involved in the present case, and also with reference to chapter 39 of the Laws of 1877. This is the chapter under which the case of the board of county commissioners of Greenwood county against the land in controversy was prosecuted, and the law in pursuance of which the judgment was rendered, the sheriff's sale made, and the sheriff's deed executed under which the defendant in error, Mrs. Madren, claims the property in controversy. The action under said chapter 39 is of course an action *in rem*, but it also partakes of the nature of an action *in personam*. A petition is to be filed in such action, which is to be a petition not only against the real estate upon which taxes are due, but also to some extent a petition against the *owners* of the property. Section 4 of said chapter provides, among other things, as follows:

"The *owners* and *all persons* interested in any such real estate shall be considered as *personally parties defendant* in the proceedings provided for in this act, whether named in

such petition or not, and the words 'and others unknown' shall be inserted with the defendants named in such petition; and by those words all owners and persons interested in any such real estate shall be deemed and held to be made defendants, the same as though personally named in the petition, publication and other proceedings in this act provided for, and shall be bound accordingly by every judgment or order in the case."

A judgment is rendered as in other cases, and an order of sale issued, and the sale is to "be made and conducted in all respects as sales upon execution." (Sec. 2 of the act.) The real estate may be sold to the county, just as it was sold in this case; and when sold to the county, "the sheriff shall execute a deed to the board of county commissioners of said county," (sec. 5 of the act;) and the county may then "take possession of and sell, rent or dispose of such real estate the same in all respects as private individuals; and *all* deeds made in pursuance of any sale made by virtue of this act shall be made in the same form and shall have the same effect and the purchaser at such sale be entitled to the same remedies, relief and protection, as purchasers at sales on foreclosure of mortgage, or sales on execution." (Sec. 6 of the act.) And Mr. Rorer, in his work on Judicial Sales, § 1059, uses the following language:

"A sheriff's deed on execution sale to a *bona fide* purchaser, if regular in itself, cannot be impeached in a collateral proceeding for mere error or irregularity in the proceedings, judgment, execution or return, or for want of a return, if there be a valid judgment and execution, nor for the reason that the appraisers, where the sale is under the appraisement law, acted without seeing the land, nor by parol evidence that the execution on which the sale was made was withdrawn, or that the levy had been abandoned before the sale, nor because the execution issued out of season, or for any fault of the sheriff in not following the statute, if the court has jurisdiction of the case from which the execution emanated, nor by any failure of the sheriff to advertise, if the purchaser be a *bona fide* one." (See also Freeman on Executions, § 343.)

We have discussed all the material points presented by

counsel, and have reached a conclusion that the judgment of the court below must be affirmed.   And while probably under the facts of the case it is only justice to the defendant in error, yet it works great hardship to the plaintiff in error. By this decision the plaintiff in error loses property worth probably $1,000 for the taxes due upon it, amounting to only $26.22.   This is partially due to the negligence of the plaintiff in error in not examining the records of the county carefully to see. whether all taxes due upon his land were paid or not, and if not, to pay the same; and partially to the fault of the statute, said. chapter 39.   Under said chapter, the sheriff's deed is not to be construed as a tax deed, but is to be construed as any other sheriff's deed; and the owner of the property has no equity of redemption.   If the legislature had given some reasonable time within which the owner of the property might redeem the land after the sheriff's deed was executed, probably no such hardship as the present would have occurred or could occur.   Tax deeds may be held void for irregularities that will not render sheriff's deeds void; but when tax deeds are declared void, the party holding them usually recovers the taxes which he has paid.   But if this present deed was held void, there is no provision of statute authorizing the holder thereof, or his grantee, to recover anything.   There is no provision of the statute authorizing any equitable adjustment in such cases between the original owner of the land and the holder of the sheriff's deed, or his grantee. If the sheriff's deed is valid, it would seem that the holder thereof or his grantee must recover all, and the original owner of the property lose all; but if the sheriff's deed is void, then the holder of the sheriff's deed or his grantee must lose all, and the original owner of the property recover all. This would hardly seem just; but yet if it is the law, it must prevail.

The judgment of the court below will be affirmed.

All the Justices concurring.