FOUNTAIN ET AL. *v.* JOULLIAN.

[71 South. 2.]

TAXATION. *Assessments. Charges.*

> Where lands are assessed to two joint owners, the tax collector cannot change the original assessment and apportion a separate half interest to each owner and having paid one-half of the assessment, sell the undivided interest of the other party upon his failure to pay one-half the tax and such a sale is void.

APPEAL from the chancery court of Hancock county. HON. J. MORGAN STEVENS, Chancellor.

Bill by J. Q. Fountain against E. C. Joullian. From a decree for defendant sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*McDonald & Marshal,* for appellants.

The second ground of the demurrer objects to the selling of an undivided interest in nine separate or distinct parcels of land which it is alleged should have been the subject-matter of separate assessments and same separately sold.

Section 3774, Code of 1892 applied. It did not require a separate assessment of each block. If it did so re-

quire, and was not followed, it did not vitiate the sale, as the section was merely directory and the owner was concluded by the assessment. Sections 3776 and 3787, Code 1892; *Mores* v. *Homes,* 48 So. 1025; *North* v. *Culpepper,* 53 So. 419.

The manner of sale was prescribed by section 3814, Code 1892, which directed land in cities, and towns and villages to be sold by lots or other subdivisions or descriptions by which it was assessed. It was assessed *in solido* and was properly sold in a lump.

The third ground of demurrer raises the question that an undivided interest in land cannot be sold for taxes and the tax collector's deed conveyed no title. We conceive this to be the vital point in the case.

The assessment was to Waite and Burns. Burns owed an undivided half interest which he acquired from Logan Walker by deed dated April 14, 1886, and Waite was the owner of an undivided half interest which he acquired from Logan Walker by deed dated July 22, 1889. They were not joint purchasers and did not hold through the same deed. Burns paid the taxes on the property embraced in the assessment which he owned, and it was a matter of no concern to him whether the taxes on Waite's half interest was paid or not.

Can the owner pay taxes on his undivided interest in realty? If he has this right, then an undivided interest in realty may be sold. If this right exists, it is not defeated on account of the assessment being *in solido.* The assessment need not be to the true owner, it might be assessed to unknown. The object of the state is to collect revenue on taxable property. *North* v. *Culpepper,* 97 Miss. 730 is in point.

*Robinson* v. *Lewis,* 68 Miss. 69, seems to be a case where an undivided half interest in land was sold at tax sale. Confirmation was refused because of incapacity of the complainant to purchase. Of course neither Burns nor any tenant in common could purchase Waite's inter-

est.    Appellants in this case were not disqualified to purchase.   In *Stevenson* v. *Reed*, 90 Miss. 341, an undivided half interest in land was sold for taxes.

The learned chancellor was of the opinion that the law never intended to authorize a tax collector to permit a tenant in common to pay his *pro rata* share of the tax and force the state to sell the undivided interests of one or more other tenants and thus split up the title and reached the conclusion that nothing less than the entire estate of any particular tract can be sold by the tax collector.   That if the state was compelled to buy an undivided interest at tax sale it would be forced to go into partnership with an individual and various questions and complications would arise.

The law at the time of this sale and now authorized the owner of land sold to the state to redeem it or any part of it or "any undivided interest in it."   Sec. 3852, Code 1892; sec. 4330, Code 1906.   An infant can redeem his undivided interest in land, and only his interest, when the interests of his tenants in common have become vested in the purchaser.   Sec. 3823, Code 1892; Sec. 4338, Code 1906; *Wilson* v. *Sykes*, 67 Miss. 617.

It necessarily follows that the purchaser at tax sale whether an individual or the state, must in many instances become a tenant in common with others.   The policy of the law is to get revenue on taxable property and to so get it, that each property owner may pay on what he actually owns whether it be the fee or an undivided interest.

A perusal of *Fox* v. *Lumber Company*, found in 80 Miss. page ——, is enlightening.   There is no halo around the form of paying the taxes, nor sanctity in the manner in which they are paid, but the principal thing to Mississippi is that she gets her stipend.   She got it this case because Burns paid the half of it on the property which he owned, and she got the other on the half that Waite owned when he failed to pay it and it was sold and bought by appellants.

*White & Ford,* for appellee.

We respectfully submit that an assessment and sale of land for taxes to be valid must be an entirety. There is no law authorizing the tax collector to accept half, or any other proportionate part of the taxes assessed upon property, and then undertake to advertise and sell the remaining fractional interest as an undivided ⁞   ·  ∴.
In order to accomplish this result, the tax collector in this case was compelled to make a new assessment and to advertise and sell the land upon the assessment thus made by him. The land as assessed shows they were assessed to Waits and Burns, but no proportion being assigned or assessed against the respective parties, so Burns assumed to pay half the taxes on an assessment which was an entirety.

We respectfully submit that there was no legal power in the tax collector to make a new assessment, assessing the other half interest to another person and thus undertaking to sell an undivided one-half interest, or equity, in these lands. It may be that if instead of undertaking to sell such half interest he had advertised the land as delinquent, that the partial payment would not have prevented the sale of the entire tract, but this was not done. The sheriff assumed to make a partition of this property, for the purpose of assessment and sale for taxes, and to sell the undivided interest in nine lots under an assessment which was wholly different from the one the assessor had made.

Our contention is that it is not within the legal power of the tax collector to sell an undivided interest in property for taxes and convey a legal title, unless he follows strictly an assessment made in that way against the parties. This exact proposition has never been decided so far as we are advised, but a somewhat similar one was before the supreme court, in the case of *Stevens* v. *Reed,* 90 Miss. 341. In that case, the tax collector undertook to sell an undivided interest in eighty acres of

(8)

land, without first having separated it into forty acre tracts, and his actions were held illegal, but whether it was because too much land was offered in one body, or whether it was because the attempt to sell the fractional interest in it, does not clearly appear.

With all respect to counsel for appellant we submit that the cases cited by them in their brief do not apply for the reason that such a procedure is not authorized by the statutes of this state. Under our elaborate system of taxation, if such a course were proper and if it had been the intention of the legislature to so provide, such a statute would have now been upon the statute book. It is true that in a few states such an assessment and sale can be made, but this is expressly authorized by statute. This goes to show that if it had been the intention of the legislature to so provide, legislation would have been enacted making this provision.

We call the court's special attention to the case of *Toothman* v. *Courtney,* 58 S. E. 915 (W. Va.).

The land itself is liable for the taxes, if the owners do not care to look out for their own interests, the state should not be made to go to the additional expense and trouble to collect the taxes when it can make the taxes by simply selling the land itself. Where there are several owners of one piece of land, the sheriff probably never knows what their real interests are. It can easily be seen what complications would arise from such a course.

Our theory is borne out in the 37th Volume of Cyc.; pages 1340 and 1341. In the case of *Corbin* v. *Inslee,* 24 Kan. 154, it was held under a statute which required that in the assessment of land each particle of land must be separately listed and that the lists and assessments must contain a correct description of each parcel of real property and of quantity and value of each parcel, that an undivided interest in land could not be legally assessed.

*Townsend Savings Bank* v. *Todd,* 47 Conn. 190; *Mc-Donough* v. *Elam,* 1 La. 489, 20 Am. Dec. 284. The reasoning of the learned chancellor, now Judge Stevens, in sustaining the demurrer in this cause, is so clear on this proposition that we take the liberty of citing in this place a portion of his opinion.

"There is no specific law in our state for assessing an undivided interest. The state in its sovereign power taxes the land itself, the fee. In the country it assesses by forty-acre subdivisions unless one owner owns more adjacent thereto, and then more than forty is assessed to the owner only where each forty is of equal value. In a city, town or village, lots are assessed just as forty-acre tracts in the country, but where more than one lot is owned by one party, then many may be lumped together where they are of same value. The proceeding is primarily against the real estate; the sale is of the fee. It is immaterial as to whom it is assessed; and our assessment to any claimant is not evidence that supports possession. The assessment in this particular instance was to two reputed owners, whose initials and the exact interest of whom are not shown. So far as the assessment showed, Burns might have owned fifteen-sixteenth; and the collector in accepting one-half the tax assumed to declare what he did not know, that Burns did own one-half; and furthermore he assumed to collect not the whole tax on any part of the whole, but did collect one-half tax on every lot and every grain of sand or moiety, and freed nothing of the estate absolutely. Such action ought to be and in my judgment is against public policy, and is certainly not expressly authorized by statute. If either Waite or Burns could pay on his part in this instance, then any reputed owner could do likewise where the land is assessed as unknown, and if there are sixteen tenants in common, one could pay one-sixteenth, and in case the state was compelled to buy the other interest at tax sale, then the state would be forced to go into partnership with an individual and

110 Miss.—52

various questions and complications might and would arise. If one co-tenant cannot buy at the sale, he ought not, for like reason, be allowed to pay a portion of the tax and thus split up the title in undivided interests. There is no law for assessing in this state a life estate, an estate for years or any other estate that one may own in lands. The assessment is against the fee, and a sale of the land when held by a life tenant would defeat the title of the remainderman. *Harrison* v. *Harrison,* 56 Miss. 174. Neither can a reversioner buy in the tax title so as to defeat the title of his co-reversioners. *Fox* v. *Coon,* 64 Miss. 465, a case where the wife with dower interest for life permitted the land to sell and one of the heirs bought it from the state. One whose wife owns an undivided interest, cannot purchase at tax sale the interest of her co-tenant. 68 Miss. 69; 72 Miss. 156.

I mention these well known decisions merely to emphasize the policy of our law to require each co-tenant to protect the lands from tax liens and sales, and when he pays more than his share, he is given a lien on the interest of his fellows to reimburse him. One co-tenant is held in *Beaman* v. *Beaman,* 90 Miss. 762, disqualified to buy in and assert adversely a title at foreclosure of deed of trust that was a common charge, and, too, the wife of one of the co-tenants cannot do so. I appreciate of course that the present case does not present a case of one co-tenant purchasing the title; but the policy of the law and the universal practice of exposing for tax sale the entire fee and preventing one co-tenant from acquiring the whole estate through a tax sale is very persuasive to my mind that our lawmakers never intended to authorize a tax collector to permit a tenant in common to pay his *pro rata* of the tax and force the state to sell the undivided interests of one or more other tenants. If the title can be thus split up, and an undivided one-half sold, then an undivided one-hundredth

would have to be treated the same way, and thus on perhaps '*ad rediculum.*'"

HOLDEN, J., delivered the opinion of the court.

The appellants filed their bill in the chancery court of Hancock county, seeking to confirm their tax title to an undivided one-half interest in certain real estate sold to them by the tax collector of Hancock county in March, 1896, for taxes of 1895. A demurrer, filed by the defendant below, appellee here, was sustained to the bill. It appears from the record that blocks sixty-one, sixty-two, sixty-three, sixty-four, sixty-five, sixty-six, sixty-seven, sixty-eight, and sixty-nine, Gulf View, section nineteen, township nine, range fifteen west, thirty-six acres, were assessed to "Waits and Burns" at a value of three hundred and sixty dollars, and that Waits and Burns owned this property jointly, each owning an undivided one-half interest therein. Burns went to the tax collector and paid the taxes on his undivided one-half interest in the land and received a receipt from the tax collector. No taxes being paid on the other undivided one-half interest of Waits, the tax collector advertised and sold Waits' undivided half interest in the property, when it was bought by Fountain and Farve, and upon this tax title the appellant relied in the court below. The appellee contended before the chancellor, with which contention the chancellor agreed, and urges here that the tax sale of Waits' undivided half interest in this property was void, and the appellee here being the owner of Waits' undivided half interest in the land has a good title to it. It appears from this record that the tax collector attempted to change the original assessment of this land and to apportion an undivided one-half interest in Wait and the other interest in Burns, and that upon the failure of the payment of the taxes due on Waits' undivided half interest he proceeded to sell this portion of the land "as an undivided one-half interest." The tax

collector did not endeavor to separate or apportion the land so that a distinct portion of it could be sold for the taxes, but he undertook to apportion an undivided one-half interest in the whole land not as originally assessed, and sell the undivided interest. An assessment of taxes against land is a proceeding primarily against the land and the sale is of the fee in the real estate. It is immaterial as to whom it is assessed. We have no statute authorizing a tax collector to change an assessment and apportion the different undivided interests to any number of parties who may claim such interests therein and sell such undivided interests, and we think to do this would be bad policy and illegal, and in all instances he should collect the tax on the land, and not on any individual, undivided, inseparable, interest therein. If it were permissible for the collector to change the assessment and collect separately the taxes upon as many different interests as he might apportion out, this would lead to confusion and complications not authorized by law, and against public policy. *Toothman* v. *Courtney,* 62 W. Va. 167, 58 S. E. 915; 37 Cyc. 1340, 1341; *Corbin* v. *Inslee,* 24 Kan. 154; *Sargent* v. *Sturm,* 23 Cal. 359, 83 Am. Dec. 118; *Macdonough* v. *Elam,* 1 La. 489, 20 Am. Dec. 284; *Savings Bank et al.* v. *Todd,* 47 Conn. 190.

In view of these conclusions we hold that the tax sale in this case was void, and the decree of the lower court is affirmed.

*Affirmed.*